Commonwealth, Appellant, *v.* Moyer.

Argued June 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Stephen B. Harris,* First Assistant District Attorney, with him *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellant.

*Richard R. Fink,* Assistant Public Defender, for appellee.

OPINION BY HOFFMAN, J., September 19, 1973:

In the instant case, Commonwealth has appealed from the order of the lower court granting a new trial following a conviction for operating a motor vehicle after suspension of a license, and from an order granting a motion in arrest of judgment with respect to a conviction for tending to corrupt the morals of a minor.

On June 7, 1971, Officer Raymond Burns of the East Rockhill Township Police Department, Bucks County, observed a motor vehicle proceeding west on Route 313 at a speed of approximately 80 miles per hour. Officer Burns phoned ahead for assistance, and began to pursue the car. The vehicle was finally stopped by another police car which had joined the pursuit. The operator of the vehicle, Edward John Moyer, the appellee, failed to produce a driver's license; it was later determined that the appellee's license had been suspended

prior to the arrest. In the automobile, there were two other passengers and a case of beer from which a number of bottles had been emptied. At trial, the arresting officer testified that he smelled liquor on the breath of all the occupants, including a 16-year-old youth, Dennis James Schwartz.

Appellee was charged on two bills of indictments. Trial was held before the Honorable Judge Edwin H. SATTERTHWAITE, President Judge of the Court of Common Pleas of Bucks County, sitting without a jury. The Court found the appellee guilty on two of the charges: operating after suspension and, tending to corrupt the morals of a minor. Post-trial motions were argued. On March 23, 1973, the court en banc delivered its opinion and order, granting a new trial on the charge of operating after suspension and granting a motion in arrest of judgment on the charge of tending to corrupt the morals of a minor. The Commonwealth appeals from this order.

With respect to the driving while under suspension charge, the lower court granted a new trial because it determined that it was the burden of the Commonwealth to offer proof that appellant's driving privileges had not been reinstated prior to the date of the offense, and that this burden had not been met.

Section 624 of The Vehicle Code, 75 P.S. 624(6), provides that it shall be unlawful for any person: "(6) To operate any motor vehicle or tractor upon the highways of this Commonwealth after the operating privilege is suspended or revoked . . . and before such operating privilege . . . has been reinstated."

Under the statutory provision, there is no reason to assume that after a suspension period has expired driving privileges are automatically revived. As this Court has said in *Commonwealth v. Ungar*, 190 Pa. Superior Ct. 43, 44-45, 151 A. 2d 783 (1959): "The opera-

tion of a motor vehicle upon the highways of this Commonwealth is not a matter of right but is a matter of privilege. When that privilege has been suspended, it is not automatically restored either by the passage of time or the performance of some mandatory act. An operator must himself take affirmative steps to have his privilege to drive reinstated but, having taken those steps, he cannot be permitted to drive until the Secretary of Revenue has taken some affirmative action to restore the privilege. Both are necessary to again exercise the privilege and to obviate the plain provision of section 620(h) of The Vehicle Code [recodified as Section 624(6)]. An accused, therefore, cannot escape the penal provision of The Vehicle Code by showing that he has taken the necessary steps to have his operating privilege restored. Neither can he offer such testimony as an extenuating circumstance in the performance of the prohibited act."

In the instant case, Commonwealth produced official records from the Department of Transportation documenting the suspension of appellee's driving privileges. A witness, who demonstrated a knowledge of the procedures taken in suspension and reinstatement of privileges, testified that the record reflected no request by the driver for restoration nor a notation signifying the reinstatement of same. Furthermore, the arresting officer said that when inquiring as to the reason for appellant's failure to produce a license, appellee admitted that "I'm under suspension." We believe that Commonwealth satisfied its burden of showing a violation of Section 624 of The Vehicle Code. If appellee wanted to dispel that proof it was his burden to come forward and produce evidence that his license had been reinstated by the Secretary, or that he possessed what purported to be a validated license. Having failed to do so, we believe appellee's conviction should not have been reversed.

With respect to the conviction for tending to corrupt the morals of a minor, we believe the lower court properly arrested judgment for reason that Commonwealth failed to establish that appellee provided the minor passenger with the alcoholic beverages. The only evidence produced by the Commonwealth was that the minor passenger was found in appellee's car with apparent liquor on his breath. There appeared to be a partially consumed case of beer in the back seat of the vehicle. Commonwealth called the minor for the sole purpose of establishing his age and presence in the vehicle. It did not establish that the minor had consumed an alcoholic beverage provided by the appellee.[1]

The order of the lower court, granting a new trial as to Indictment No. 1247, is reversed; the judgment of sentence conditionally entered is reinstated, and appellee remanded to the court below for sentencing. With respect to Indictment No. 1247-2, the order of the lower court, arresting judgment and discharging the appellee on the charge of tending to corrupt the morals of a minor, is affirmed.

---

[1] At the bar of this Court, the District Attorney was asked why further testimony was not elicited from the minor regarding the source of the consumed liquor. Commonwealth admitted that testimony was limited because the minor would have testified that the alcohol was not supplied by the defendant.