## Commonwealth v. Schuyler

*Michael Vedomsky, Assistant District Attorney,* for Commonwealth.
*George K. Keenan,* for defendant.

WILLIAMS, *J.*, October 3, 1978—This matter is before the court on defendant's appeal from a summary conviction. Defendant was convicted by a district magistrate of violating section 1543(a) of the Vehicle Code of June 17, 1976, as amended, P.L. 162, 75 Pa.C.S.A. §1543(a), which prohibits driving a motor vehicle on the highways of the Commonwealth at a time when the operating privilege is suspended or revoked. A de novo hearing was held on July 6, 1978, before Williams, *J.*

The evidence establishes that on September 15, 1975, defendant's operating privilege had been revoked for a period of one year for a conviction of driving while under the influence of alcohol.[1] In addition, on October 2, 1975, defendant's operating privilege was suspended for six months, beginning September 11, 1976, for refusal to submit to a chemical test of breath.[2]

On March 16, 1977, defendant received notification from the Department of Transportation that he was eligible for restoration of his operating privilege. To have this privilege restored, defendant was required to apply for and be issued a learner's permit, pursuant to §1541(c) of the Vehicle Code. Defendant had not complied with this requirement as of September 17, 1977, when he was cited for driving while his operating privilege was suspended or revoked: 75 Pa.C.S.A. §1543(a).

Defendant contends that since the periods of revocation and suspension had expired at the time he was cited, he could not be charged with driving while his license was suspended or revoked, al-

1. 75 Pa.S.A. §1037 (repealed) (current version at 75 Pa.C.S.A. §3731).

2. 75 Pa.S.A. §624.1 (repealed) (current version at 75 Pa.C.S.A. §1547(b)(1)).

though he might be charged with driving without a license: 75 Pa.C.S.A. §1501(a). A comparison of the current statutory provisions with those of the prior statute supports defendant's position.

Section 624(6) of The Vehicle Code of April 29, 1959, P.L. 58, as amended, made it unlawful to operate any motor vehicle on the highways of the Commonwealth when, "the operating privilege [was] suspended or revoked *and before such operating privilege [had] been reinstated."* (Emphasis supplied) 75 Pa.S.A. §624(6) (repealed). Actual reinstatement of the privilege was required, or a defendant could be charged with driving while his operating privilege was suspended or revoked even though the period of suspension or revocation had expired. E.g., Com. v. Moyer, 225 Pa. Superior Ct. 374, 310 A. 2d 345 (1973); Com. v. Vincent, 64 D. & C. 2d 454 (C.P. Columbia 1973); Com. v. Bardo, 56 Luz. 308 (1966). An individual's submission of all documents necessary for reinstatement was not sufficient; he could not drive until the Secretary of Transportation had, in fact, restored the operating privileges: Com. v. Moyer, supra; Com. v. Ungar, 190 Pa. Superior Ct. 43, 151 A. 2d 782 (1959).

Under the present Vehicle Code, it is a summary offense to drive a motor vehicle on any highway in Pennsylvania *"at a time when* the operating privilege is suspended, revoked, or recalled." (emphasis supplied) 75 Pa.C.S.A. §1543(a). Thus, the statute prohibits driving only during the period of revocation. It is notably silent concerning driving in the interim period between the expiration of the revocation and the reissuance of a license.

Revocation is defined as "termination by formal action." 75 Pa.C.S.A. §102. At the expiration of the

period of revocation, the person whose operating privilege was revoked is in the position of one who has never had such a privilege at all. Thus, once the period of revocation expires, a person whose operating privilege has been revoked "may apply for a license . . . and shall be issued a learner's permit. . . ." 75 Pa.C.S.A. §1541(c).

Since defendant Schuyler was eligible to apply for a license as of March 16, 1977, his privilege to use the highways of Pennsylvania was no longer revoked, but rather was non-existent. Defendant could not, therefore, be charged with driving while his operating privilege was revoked, although he might be charged with driving without a license.[3]

We therefore make the following

## ORDER

And now, October 3, 1978, defendant's appeal is sustained and the charges against him are dismissed.

---

3. We note that our conclusion would be the same had defendant's privileges merely been suspended rather than revoked.

Suspension is a temporary withdrawal of a license or privilege. "Following a period of suspension, the [Department of Transportation] *shall* restore the license, registration, or privilege." (emphasis supplied) 75 Pa.C.S.A. §102.

Because the statute no longer prohibits driving after suspension and before reinstatement and because restoration of operating privileges after suspension is mandatory, such privileges are no longer suspended once the period of suspension expires. Operation of a vehicle before the license is actually restored allows an individual to be charged with driving without a license but not with driving while his privileges are suspended.