Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Mary P. Calloway, Appellee.

Argued May 8, 1981, before President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel of Transportation, and *Harvey Bartle, III,* Acting Attorney General, for appellant.

*Stephen P. McClosky, Phillips and Faldowski,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, July 20, 1981:

The Pennsylvania Department of Transportation appeals a Washington County Common Pleas Court decision reinstating driving privileges based upon extenuating circumstances. We reverse.

Mary P. Calloway was convicted on January 11, 1979, for having driven a motor vehicle on January 2, 1979, while already under license suspension. Although she successfully completed an examination in late December of 1978, Calloway was cited on January 2nd prior to receiving her license in the mail several days later. Upon receiving certification of the conviction, PennDOT revoked her operating privileges for a six-month period.

This Court has clearly held that an underlying criminal conviction may not be attacked in a subsequent suspension appeal which is civil in nature. *Department of Transportation, Bureau of Traffic Safety v. Grobes,* 45 Pa. Commonwealth Ct. 151, 405 A.2d 588 (1979). The issue is only whether the licensee was in fact convicted, not whether she should have been convicted, and whether PennDOT has acted as required by statute.[1] *Department of Transportation, Bureau of Traffic Safety v. Lea,* 34 Pa. Commonwealth Ct. 310, 384 A.2d 269 (1978).

Calloway cites us to *Commonwealth v. Emerick,* 373 Pa. 388, 96 A.2d 370 (1953), for the proposition that economic hardship may serve to mitigate a license revocation. This is simply not the case. A lower court is limited solely to a de novo review to deter-

---

[1] According to Section 1543(b) of the Vehicle Code, Act of June 17, 1976, P.L. 162, *as amended,* 75 Pa. C. S. §1543(b), upon receiving a certified record of the person's conviction for driving a vehicle while the operating privilege was suspended, PennDOT must revoke that privilege for an additional period of six months.

mine whether the violation has actually occurred, and may not modify or reverse PennDOT action based upon extenuating circumstances. *Department of Transportation v. Verna,* 23 Pa. Commonwealth Ct. 260, 351 A.2d 694 (1976). In fact, no compelling circumstances can be found here to mitigate the operation of a motor vehicle without a license.

Reversed.

## ORDER

The Washington County Common Pleas Court order dated October 29, 1979, No. 134 April Term 1979, is reversed and the suspension of the motor vehicle operating privileges of Mary P. Calloway is reinstated.