515 A.2d 660

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Aubrey G. Brown, Appellee.

Submitted on briefs July 23, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE COLINS, September 30, 1986:

The Pennsylvania Department of Transportation (DOT) here appeals the order of the Court of Common Pleas of Chester County which sustained the appeal of Aubrey G. Brown (appellee) from the suspension of his driving privileges for a period of six months. The appellee's license was suspended under the provisions of Section 1532(b)(1) of the Vehicle Code, 75 Pa. C. S. §1532(b)(1), as a result of a criminal conviction for violating Section 3743 of the Vehicle Code, 75 Pa. C. S. §3743 (accidents involving damage to attended vehicle or property—failure to stop and identify). The appellee's appeal was sustained based on his assertion that he had not committed the underlying offense.

The sole issue before this Court is whether the appellee may collaterally attack the criminal conviction in a civil proceeding to suspend his driving privilege. We conclude that he cannot, and consequently reverse the trial court.

The appellee received a citation by mail for an alleged violation of the Vehicle Code, specifically, a failure to stop and identify after a vehicular accident. Appellee asserted before the trial court that he was not the driver at the time of the accident; however, the record shows that he paid the fine assessed in the citation. By paying the fine, appellee entered a plea of guilty to the violation charged. *Department of Transportation, Bureau of Traffic Safety v. Adams*, 53 Pa. Commonwealth Ct. 636, 419 A.2d 233 (1980).

In a license suspension appeal, the only issues are whether the licensee was in fact convicted and whether DOT has acted in accordance with applicable law. *Department of Transportation, Bureau of Traffic Safety v. Valentine*, 71 Pa. Commonwealth Ct. 8, 453 A.2d 742 (1982). The underlying criminal conviction may not be challenged in a suspension appeal, which is civil in nature. *Id*. The record establishes that the appellee was convicted of violating Section 3743 of the Vehicle Code, 75 Pa. C. S. §3743. Section 1532(b)(1) of the Vehicle Code, 75 Pa. C. S. §1532(b)(1), mandates a six month suspension of operating privileges for a conviction under Section 3743 of the Vehicle Code.

Accordingly, the order of the trial court must be reversed.

## ORDER

AND NOW, September 30, 1986, the order of the Court of Common Pleas of Chester County, No. 352 P, 1979, dated October 9, 1981, is hereby reversed.