529 A.2d 1204

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Douglas N. Snyder, Appellee.

Submitted on briefs June 12, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Harold H. Cramer*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Morey Myers*, General Counsel, for appellant.

*Douglas N. Snyder*, appellee, for himself.

OPINION BY JUDGE MACPHAIL, August 19, 1987:

The Department of Transportation, Bureau of Traffic Safety (DOT) appeals from an order of the Court of Common Pleas of Northampton County which set aside DOT's suspension of the operating privileges of Douglas N. Snyder (Appellee).[1] We reverse.

---

[1] By a prior order of this Court dated May 20, 1987, Appellee was precluded from filing a brief in this matter.

At the hearing before the Common Pleas Court, DOT presented a certified copy of its records which indicated that Appellee was convicted on May 31, 1984 for a violation of Section §1543 of the Vehicle Code, 75 Pa. C. S. §1543, driving while his operating privileges were suspended. The copy of the citation shows that the violation occurred on February 22, 1982, while a copy of a "Request for Suspension of Operating Privileges for Failure to Respond to a Citation or Pay Fine" presented into evidence by Appellee shows a violation date of March 11, 1982. In any event, Appellee attempted to show that his license was not under suspension on the date he supposedly violated Section 1543 and for which he was convicted on May 31, 1984.

The Common Pleas Court noted in its opinion that DOT attempted to clear up the confusion concerning the violation date, but was unable to garner a response from the District Justice involved. The Court went on to set aside the conviction because DOT's suspension notice sent to Appellee on August 8, 1984 noted the conviction date of May 31, 1984, which was after Appellee's operating privileges had been restored on March 8, 1984 from a suspension for another violation not the subject of this appeal. The Common Pleas Court held that the May 31, 1984 conviction appeared to be "illegal per se" because Appellee's license had been restored prior to May 31, 1984.

What the Common Pleas Court fails to note, however, is that the May 31, 1984 conviction was for a violation that occurred on either February 22, 1982 or March 11, 1982, either date being within a time when it appears from DOT's records that Appellee's license was under suspension.

In any event, the law is clear that an underlying criminal conviction may not be attacked in a subsequent driver's license suspension appeal which is civil in na-

ture. *Department of Transportation, Bureau of Traffic Safety v. Calloway,* 60 Pa. Commonwealth Ct. 647, 432 A.2d 322 (1981). The only issues we are faced with on this appeal are whether Appellee was in fact convicted, not whether he should have been convicted, and whether DOT has acted as required by statute. *See id.*

The version of Section 1543(c), 75 Pa. C. S. §1543(c), effective at all times relevant to the present appeal,[2] stated in part:

> (c) Extending existing suspension or revocation.—The department, upon receiving a certified record of the conviction of any person under this section upon a charge of driving a vehicle while the operating privilege was suspended, shall revoke such privilege for an additional period of six months.

It is clear from the statute that DOT was entitled to suspend Appellee's license upon receiving notification of the conviction. Whether Appellee's driving privileges were actually under suspension at the time he was charged with violating Section 1543 was irrelevant to DOT in that there is no dispute that he was convicted.

As for the extended time period between the violation, on either February 22, 1982 or March 11, 1982, and the conviction by the District Justice on May 31, 1984, it is well settled that DOT cannot be held responsible for that delay. *See Department of Transportation, Bureau of Traffic Safety v. Lyons,* 70 Pa. Commonwealth Ct. 604, 453 A.2d 730 (1982); *Department of Transportation, Bureau of Traffic Safety v. Parr,* 56 Pa. Commonwealth Ct. 203, 424 A.2d 604 (1981). Further, we note that DOT sent notice of Appellee's license revocation on August 8, 1984, just a little over two months

---

[2] Section 1543(c) was later amended by Section 4 of the Act of December 11, 1986, P.L. 1530.

after the conviction date. Appellee has not even attempted to show that he was prejudiced by this delay.

We conclude that DOT has correctly followed the law in suspending Appellee's license for his violation of Section 1543 of the Vehicle Code, 75 Pa. C. S. §1543. The order of the Court of Common Pleas must be reversed.

### ORDER

The order of the Court of Common Pleas of Northampton County which set aside the suspension of Douglas N. Snyder's operating privileges by the Department of Transportation, Bureau of Driver Licensing is reversed and the suspension order is reinstated.