109 Pa. Commonwealth Ct. 279 (1987)
530 A.2d 1046
Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant
v.
Seung How Ra, Appellee.
No. 2321 C.D. 1985.
Commonwealth Court of Pennsylvania.
September 11, 1987.
Submitted on briefs July 6, 1987.
*280 To Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.
Christopher J. Clements, Assistant Counsel, with him, Harold H. Cramer, Assistant Counsel, Henry G. Barr, General Counsel, Spencer A. Manthorpe, Chief Counsel, for appellant.
Leo M. Pall, Jr., for appellee.
OPINION BY JUDGE CRAIG, September 11, 1987:
The Pennsylvania Department of Transportation appeals from an order of the Court of Common Pleas of Delaware County sustaining the appeal of motorist Seung How Ra from the suspension of his driving privileges for a period of six months.
The issue is whether the trial court erred in permitting the motorist to collaterally attack his criminal conviction in the civil proceeding on the suspension of his driving privileges. We reverse.
*281 The department had suspended the motorist's license under the provisions of section 1532(b)(1) of the Vehicle Code, 75 Pa. C. S. §1532(b)(1), as a result of his criminal conviction for violating section 3743 of the Vehicle Code, 75 Pa. C. S. §3743 (accidents involving damage to attended vehicle or property).
There is no dispute that the motorist had paid the fine on the section 3743 violation, constituting a guilty plea under subsection 6501(b) of the Vehicle Code, 75 Pa. C. S. §6501(b), which reads:
(b) Payment of fine as guilty plea.  A payment by any person charged with a violation of this title of the fine prescribed for the violation is a plea of guilty.
The trial court had before it the certified record of conviction and the motorist's admission that he had paid the fine. However, the trial court sustained the driver's appeal based on the driver's assertion that he had not committed the underlying offense and that he did not comprehend the consequence of paying the fine.
The motorist here is a citizen of South Korea who has difficulty speaking and understanding the English language. The trial court found credible the motorist's testimony that he had not been the driver of the car during the commission of the alleged offense and that he had notified the police that his car had been stolen. Accordingly, the trial judge determined that his guilty plea "was not intelligently made" and that "it would be a manifest injustice to deprive Mr. Ra of his operating privileges."
However, as this court recently concluded in a nearly identical case, a motorist cannot challenge an underlying conviction in a license suspension appeal. Department of Transportation v. Brown, 101 Pa. Commonwealth Ct. 129, 515 A.2d 660 (1986).
*282 Although the trial judge's compassion toward an individual who had difficulty comprehending the consequence of paying a fine on a traffic citation is understandable, collateral review of the criminal conviction in the suspension appeal is not allowable. Department of Transportation v. Valentine, 71 Pa. Commonwealth Ct. 8, 453 A.2d 742 (1982). When the motorist became aware that he was going to lose driving privileges as a consequence of paying a fine on the traffic citation, his only remedy was to seek allowance of an appeal nunc pro tunc from that summary conviction.
The record establishes that the motorist's payment of the fine constituted a conviction of violating section 3743 of the Vehicle Code. Section 1532(b)(1) of the Vehicle Code mandates a six-month suspension of operating privileges for a conviction under section 3743 of the Vehicle Code.
Accordingly, the order of the trial court must be reversed.

ORDER
Now, September 11, 1987, the order of the Court of Common Pleas of Delaware County, No. 85-2810, dated July 29, 1985, is reversed.