534 A.2d 576

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Glenn Leroy Happe, Appellee.

Submitted on briefs October 5, 1987, to Judges MacPhail and Colins, and Senior Judge Kalish, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Dale Aaron Cable,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, *Henry G. Barr,* General Counsel, for appellant.

*Stephen F. Capone,* for appellee.

Opinion by Senior Judge Kalish, December 9, 1987:

The Commonwealth of Pennsylvania, Department of Transportation, appeals from an order of the Court of Common Pleas of Allegheny County which sustained

the appeal of Glenn Leroy Happe (appellee) from the six month suspension of his driver's license, due to his violation of section 1543 of the Vehicle Code, *as amended,* 75 Pa. C. S. §1543, driving while operating privileges are suspended. We reverse.

Appellee's operating privileges were originally suspended due to his failure to satisfy a judgment as a result of an automobile accident. Appellee contends that since he had entered into a settlement agreement and he drove his car after this agreement was reached, he should not be held guilty of driving "while privileges were suspended." The trial court held that appellee was not guilty of driving while under suspension because of this settlement agreement, that the prothonotary's record should have shown this correction, and that one cannot be convicted of driving while privileges are suspended when the period of suspension has expired.

Driving upon the highways is a privilege and not a right. When that privilege has been suspended, it is not automatically restored by the performance of some mandatory act. The operator must himself take affirmative steps to have his privilege to drive reinstated. He cannot be permitted to drive until the Department of Transportation has taken some affirmative action to restore his privilege. Nor can he offer such testimony as the settlement agreement as a defense. There is nothing in the evidence to show a reinstatement by the Department of Transportation and that was Happe's burden. *Commonwealth v. Moyer,* 225 Pa. Superior Ct. 374, 310 A.2d 345 (1973).

Accordingly, we reverse.

ORDER

NOW, December 9, 1987, the order of the Court of Common Pleas of Allegheny County, in No. S.A. 1431 of 1985, dated January 30, 1986, is reversed.