536 A.2d 498

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant v. Russell A. Goeller, Appellee.

Submitted on briefs December 14, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Harold H. Cramer*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Henry G. Barr*, General Counsel, for appellant.

*Russell A. Goeller*, for himself.

OPINION BY JUDGE COLINS, January 27, 1988:

Appellant, The Pennsylvania Department of Transportation, Bureau of Driver Licensing (DOT), appeals from an order of the Court of Common Pleas of Allegheny County which sustained Russell A. Goeller's (appellee) appeal from a revocation of his operating privilege.

The relevant facts are as follows:

In 1981, appellee's license was suspended for violation of Section 1533 of the Vehicle Code (Code), 75 Pa. C. S. §1533 (failure to respond to a citation). On November 26, 1983, appellee violated Section 1543 of the Code, 75 Pa. C. S. §1543 (driving under suspension). In February, 1985, appellee paid a fine, passed an exam, and in March, 1985, his license was restored. DOT notified appellee on May 9, 1985, that his operating privilege was being revoked for six months. The basis of the revocation was appellee's November 26, 1983 violation. Appellee appealed DOT's action to the Court of Common Pleas of Allegheny County.

At a December 18, 1985, hearing in the Allegheny County Court of Common Pleas, appellee offered a defense to the Section 1543 violation. The trial judge accepted appellee's defense and stated, in pertinent part:

The operator's permit issued to the Defendant in this case was stolen from him on August 17,

1983, and that he reported the theft to. the. Commonwealth of Pennsylvania, and that the police department records confirm that the report was made, but that later on an operator's permit was issued to him, whether inadvertently or otherwise, and that he did have in his possession an operator's permit when he was operating the automobile involved in the instant matter.

On the basis of the above considerations, we sustained Defendant's appeal from the tribunal which initially heard the matter appealed to the Court of Common Pleas.

The record shows, and appellee testified, that appellee paid the fine assessed by the citation. By paying the fine, appellee entered a plea of guilty to the violation charged. *Department of Transportation, Bureau of Traffic Safety v. Brown,* 101 Pa. Commonwealth Ct. 129, 515 A.2d 660 (1986).

The trial court erred as a matter of law in sustaining appellee's appeal. This Court has repeatedly held that the propriety of a criminal conviction cannot be attacked collaterally in a subsequent civil revocation proceeding. This Court in *Department of Transportation, Bureau of Traffic Safety v. Schmidt,* 57 Pa. Commonwealth Ct. 318, 320, 426 A.2d 1222, 1223 (1981), held:

> In this administrative proceeding, the lower court's inquiry is limited, to determining whether [the driver] *'has,* in fact, been convicted of a traffic violation and whether the Bureau has faithfully observed provisions of [t]he Vehicle Code in suspending [the driver's] driving privileges. [The lower court] may not consider the question of whether [the driver] *should have* been convicted.' (Emphasis in original).

The trial court clearly exceeded its scope of review in this case.

Therefore, we reverse the order of the trial court and reimpose the six-month revocation.

### ORDER

AND NOW, this 27th day of January, 1988, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed and the six-month revocation of operating privileges is reimposed.