## Commonwealth v. Enfield

*Robert F. Palermo, assistant district attorney,* for the commonwealth.

*James W. Harris* for defendant.

RAUHAUSER, *J.,* March 2, 1988 — Defendant, Phillip J. Enfield, has filed summary conviction appeals in both above-captioned case for charges under 75 Pa.C.S. §1543(a), (driving while operating privileges were suspended). Both cases have been consolidated for disposition of defendant's motion to dismiss.

On February 22, 1987, defendant was charged with a violation of 75 Pa.C.S. §3733(a) (fleeing and attempting to elude a police officer). Defendant plead guilty to the charges on March 20, 1987. On

April 22, 1987 the Department of Transportation sent notice to defendant that his driver's license was suspended, effective June 1, 1987.

Defendant withdrew his guilty plea and a hearing before the district justice was scheduled for June 2, 1987.

Defendant was charged with subsequent violations of 75 Pa.C.S. §1543(1) (driving while operating privileges were suspended or revoked) on both June 10, 1987 and June 18, 1987.

On June 19, 1987 the Department of Transportation mailed a notice informing defendant that the June 1, 1987 suspension was being rescinded.

Defendant was found guilty of both charged violations of 75 Pa.C.S. §1543(a) (driving while operating privileges were suspended or revoked) by the district justice on July 3, 1987. Following an appeal of both summary convictions to this court, defendant has filed the present motion to dismiss.

The issue before the court is whether a finding of not guilty to the underlying summary offense after defendant's operating privileges were suspended is a valid defense to charges under 75 Pa.C.S. §1543(a) (driving while operating privileges were suspended).

Section 1543(a) of the Motor Vehicle Code provides:

"[A]ny person who drives a motor vehicle on any highway or trafficway of this commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense . . . ." 75 Pa.C.S. §1543(a) (Supp. 1987).

Defendant contends that the not guilty verdict rendered by the district justice on June 2, 1987 constitutes a termination of his driver's license suspension which commenced on June 1, 1987.

Therefore, defendant argues that he could not have been in violation of 75 Pa.C.S. §1543(a) on either June 10, 1987 or June 18, 1987, based on his contention that his driving privileges were no longer suspended on those dates.

In a recent case, the Commonwealth Court of Pennsylvania has provided:

"He [defendant] cannot be permitted to drive until the Department of Transportation has taken some affirmative action to restore his privilege." *Commonwealth v. Happe,* 111 Pa. Commw. 532, 533, 534 A.2d 576, 576 (1987).

In the case of *Commonwealth v. Happe,* the trial court sustained defendant's appeal of a summary conviction under section 1543(a) of the Motor Vehicle Code, based on a post-suspension settlement agreement. *Id.* The Commonwealth Court of Pennsylvania reversed the trial court's decision by holding that the settlement agreement is not a defense to the charge of driving while operating privileges were suspended, absent proof of reinstatement of privileges by the Department of Transportation. *Id.*

The present facts indicate that the initial suspension was occasioned by defendant's entry of a guilty plea to charges under 75 Pa.C.S. §3733(a). The Department of Transportation did not mail notice of rescission of the operating privilege suspension until June 19, 1987. This notice was mailed to defendant after the issuance of citations to defendant for violations under 75 Pa.C.S. §1543(a). Thus, a post-suspension finding of not guilty to the underlying summary offense, alone, is not a defense to the present charges under 75 Pa.C.S. §1543(a) (driving while operating privileges were suspended). As the issuing authority of the suspension, the Department of Transportation must act to terminate a suspension of operating privileges.

Defendant's motion to dismiss shall be denied.

## ORDER

And now, March 2, 1988, defendant's motion to dismiss is hereby denied.