545 A.2d 1005

Michael Francis Radice, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Submitted on briefs June 21, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*James S. Palermo*, for appellant.

*Donald H. Poorman*, Assistant Counsel, with him, *Harold H. Cramer*, Assistant Chief Counsel, and *John L. Heaton*, Chief Counsel, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, August 18, 1988:
Michael Francis Radice (Licensee) appeals an order of the Luzerne County Court of Common Pleas dismissing his appeal from a one year suspension of his driving

privilege pursuant to Section 1543(c) of the Vehicle Code (Code).[1]

By official notice dated June 15, 1987, the Department of Transportation (DOT) suspended Licensee's driving privileges for a period of one year as a result of his conviction on March 4, 1987 for driving while his license was under suspension.

On February 13, 1987, Licensee was involved in a single vehicle accident in Cresson, Pennsylvania. As a result of the accident he received citations for driving at an unsafe speed and another for driving while his license was under suspension. Prior to this accident, Licensee had received traffic citations in New York and Connecticut which he failed to pay. As a result of reciprocal enforcement agreements, these two citations were forwarded by New York and Connecticut to DOT.

Apparently, in November of 1986, DOT notified Licensee that his driving privileges would be suspended if he did not pay the outstanding fine on the Connecticut citation.[2] This fine was not paid and on December 30, 1986, Licensee's driving privileges were suspended pursuant to Section 6146 of the Code.[3] Licensee alleges

---

[1] 75 Pa. C. S. §1543(c). Section. 1543(c) provides in pertinent part:

(c) *Suspension or revocation of operating privilege.—* Upon receiving a certified record of the conviction of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:

(1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, the department shall suspend the person's operating privilege for an additional one-year period.

[2] Although the record does not contain a copy of this notice, counsel for Licensee admitted, by way of an offer of proof, that such notice was sent. Notes of Testimony from July 22, 1987 hearing before the trial court (N.T.) at 8.

[3] 75 Pa. C. S. §6146. Section 6146 of the Code provides that DOT may enter into reciprocal enforcement agreements with other

that he was unaware of this suspension until February 13, 1987, when the local police investigating the accident in Cresson, Pennsylvania, informed him of this fact.

Although Licensee had a Pennsylvania driver's license on February 13, 1987, he was actually residing in New York. The citations issued as a result of the February 13, 1987 accident for driving at an unsafe speed and while under suspension, were mailed to his parents' home which was the address on his driver's license. Upon receiving the citations, Licensee's mother phoned him and informed him that he had received them. Rather than driving from New York to Pennsylvania and missing two days of work, Licensee instructed his mother to pay the citations.[4] By way of a check dated March 2, 1987, Licensee's mother paid the fine and costs on the citation[5] for driving while under suspension.

By official notice dated June 15, 1987, DOT notified Licensee that his driving privileges were suspended for one year pursuant to Section 1543 of the Code. Licensee appealed this suspension to the court of common pleas which held a hearing *de novo* on July 22, 1987.

By way of an offer of proof, Licensee's counsel argued that his client was not aware that his license was suspended at the time of his accident on February 13, 1987 and that he did not realize he was admitting guilt when his mother paid the fine and costs on the citation

states in which it agrees to notify those states of any violations incurred by one of its citizens in Pennsylvania and to suspend or revoke driving privileges of Pennsylvania drivers who are convicted of traffic offenses in these states.

[4] N.T. at 13.

[5] See Exhibit A to Licensee's Petition for Appeal From Order of Department of Transportation Suspending Driver's License filed with the trial court.

for driving while his license was suspended. The trial court correctly ruled that this was an impermissible collateral attack on the prior criminal conviction and dismissed Licensee's appeal.

An appeal by a licensee of a suspension imposed by DOT is a civil proceeding which is totally separate from any criminal charges which may have been brought against the licensee. *Hando v. Commonwealth,* 84 Pa. Commonwealth Ct. 63, 478 A.2d 932 (1984). This Court has repeatedly held that the *only* issues in a license suspension appeal are whether the licensee was in fact convicted and whether DOT has acted in accordance with applicable law. The underlying criminal conviction may not be challenged in such a proceeding. *Department of Transportation, Bureau of Driver Licensing v. Greene,* 112 Pa. Commonwealth Ct. 413, 535 A.2d 306 (1988); *Department of Transportation, Bureau of Driver Licensing v. Seung How Ra,* 109 Pa. Commonwealth Ct. 279, 530 A.2d 1046 (1987); *Department of Transportation, Bureau of Traffic Safety v. Brown,* 101 Pa. Commonwealth Ct. 129, 515 A.2d 660 (1986); *Department of Transportation, Bureau of Traffic Safety v. Williamson,* 91 Pa. Commonwealth Ct. 84, 496 A.2d 910 (1985); *Department of Transportation, Bureau of Traffic Safety v. Valentine,* 71 Pa. Commonwealth Ct. 8, 453 A.2d 742 (1982); *Department of Transportation, Bureau of Traffic Safety v. Schmidt,* 57 Pa. Commonwealth Ct. 318, 426 A.2d 1222 (1981); *Department of Transportation, Bureau of Traffic Safety v. Calloway,* 60 Pa. Commonwealth Ct. 647, 432 A.2d 322 (1981); *Department of Transportation, Bureau of Traffic Safety v. Grobes,* 45 Pa. Commonwealth Ct. 151, 405 A.2d 588 (1979); *Commonwealth v. Siedlecki,* 7 Pa. Commonwealth Ct. 130, 300 A.2d 287 (1973) citing *Virnelson Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 359, 243 A.2d 464 (1968).

Although Licensee recognizes that the law support-ing the trial court's order is well-settled, he contends that we should carve exceptions to the rule prohibiting collateral attacks of criminal convictions in license sus-pension appeals. Licensee argues that strict application of this rule is inequitable in some cases where the mo-torist is innocent of the underlying criminal charge. DOT argues that this issue has no merit and urges us to impose counsel fees against Licensee for pursuing a frivolous appeal.

Licensee maintains that he never received notice of the initial suspension for failure to pay the Connecticut citation. Therefore, he maintains that if he had appeared and raised a defense to the citation for driving while his license was suspended, he would have been acquitted pursuant to our Supreme Court's holding *Common-wealth v. Kane,* 460 Pa. 582, 333 A.2d 925 (1975).[6] While this may be so, Licensee failed to appear and de-fend on the charge of driving while his license was sus-pended but instead paid the fine and costs.

By paying the fine, Licensee entered a plea of guilty to driving while his license was suspended. Section 6501(b) of the Code.[7] *Department of Transportation, Bureau of Traffic Safety v. Adams,* 53 Pa. Common-wealth Ct. 636, 419 A.2d 233 (1980). Whether Licensee or his mother paid the fine and costs is irrelevant. *De-*

---

[6] In *Kane,* the Pennsylvania Supreme Court held that evi-dence that a notice was mailed only is insufficient to establish no-tice of suspension of an operator's license beyond a reasonable doubt. As such notice is an element of the crime of driving while an operator's license is under suspension, the Court in *Kane* reversed the motorist's conviction on such charge and granted a new trial.

[7] 75 Pa. C. S. §6501(b). Section 6501(b) reads as follows:
(b) *Payment of fine as guilty plea*—A payment by any per-son charged with a violation of this title of the fine pre-scribed for the violation is a plea of guilty.

*partment of Transportation, Bureau of Traffic Safety v. Edwards,* 103 Pa. Commonwealth Ct. 43, 519 A.2d 1083 (1987). Therefore, DOT presented ample evidence of the fact that Licensee was convicted for driving while his license was suspended and there is no evidence to suggest that it did not act in accordance with applicable law.

Licensee would have us hold that a motorist may choose not to defend a criminal charge and later collaterally attack a resulting suspension of his driving privileges if the defense which he could have initially raised in the underlying criminal proceedings, is meritorious. In light of the wealth of case law holding that a licensee may not raise a collateral attack on the underlying criminal conviction in a license suspension appeal, such an argument is frivolous.

We have held that a motorist cannot challenge an underlying suspension in a license suspension appeal case even where the trial court, sustaining a motorist's appeal of his license suspension, found that the guilty plea to the underlying conviction was not intelligently made and that it would be unjust to suspend the motorist's operating privileges. *Sueng How Ra.* Further, in *Department of Transportation, Bureau of Traffic Safety v. Conroy,* 100 Pa. Commonwealth Ct. 461, 514 A.2d 1006 (1986), we held that a motorist whose license was suspended pursuant to Section 1543 of the Code, could not collaterally attack this conviction in a subsequent license suspension appeal by arguing that he had no notice of the original license suspension. We have also held that a motorist could not collaterally attack his criminal conviction for speeding on the grounds that he did not realize payment of a fine constituted a guilty plea. *Grobes.* In another case we reversed a trial court's order sustaining a motorist's appeal of his license suspension in which he argued that although he paid the

fine and costs for violating Section 1543 of the Code, he should not have been under suspension when cited due to an administrative error on DOT's part. *Department of Transportation, Bureau of Driver Licensing v. Greene,* 112 Pa. Commonwealth Ct. 413, 535 A.2d 306 (1988). In each of these cases, as well as those cases listed earlier, we held that the underlying criminal conviction may not be challenged in a license suspension appeal which is civil in nature.

When Licensee discovered his driving privileges were being suspended as a result of paying the fine and costs on the citation for driving while his license was already suspended, his *only* remedy was to seek allowance of an appeal *nunc pro tunc* from the summary conviction. *Sueng How Ra.* The trial court recognized his appeal of the license suspension as an impermissible collateral attack. In light of the fact that we have repeatedly held that a motorist may not challenge a criminal conviction in a civil license suspension appeal and the weakness of Licensee's argument that an exception should be made to this rule in his situation, we conclude that the appeal to this Court was without any likelihood of success.

We are authorized to award reasonable counsel fees for frivolous appeals pursuant to Pa. R.A.P. 2744. As we find this appeal to be totally without merit, we hold that DOT is entitled to an award of reasonable counsel fees.

Accordingly, the order of the trial court is affirmed and we are remanding the matter to such court for the limited purpose of awarding reasonable counsel fees to DOT.

## ORDER

AND NOW, this 18th day of August, 1988, the order of the Luzerne County Court of Common Pleas dated August 4, 1987 at No. 2987-C of 1987 is affirmed and

this matter is remanded to the trial court for imposition of reasonable counsel fees pursuant to Pa. R. A. P. 2744 against Michael Francis Radice.

Jurisdiction relinquished.

Judge PALLADINO concurs in the result as to affirmance of the trial court and dissents as to the remand for counsel fees.