## PennDOT v. Summerville

*Francis P. Bach, deputy attorney general,* for the commonwealth.

*Max J. Smith,* for appellant.

WALTER, *J.,* March 8, 1989 — This is an appeal from suspension of driving privileges promulgated by appellant, James D. Summerville. Appellant's operating privileges were revoked subsequent to an accident on October 11, 1987 for which appellant was cited for driving while his operating privileges were suspended or revoked. This two-year revocation became effective on September 23, 1988 and appellant has appealed the propriety of this sentence. Appellant argues that the Pennsylvania Department of Transportation erred by revoking his driver's license for a period of two years instead of only one year.

In 1980, appellant's driving privileges were suspended by PennDOT until such time as appellant completed the necessary prerequisites to have his privileges restored. On April 4, 1985, appellant still had not completed the procedure to regain his driver's license and was cited for driving while his operating privileges were suspended or revoked. The penalty imposed for this offense was six months' revocation as required under the Vehicle Code.[1] The revocation became effective June 4, 1985. Throughout this entire sequence of events, appel-

---

1. 75 Pa.C.S. §1543(b), effective July 1, 1977.

lant did not attempt to have his driving privileges restored until March 8, 1988.

In the interim, however, while appellant was still lacking a driver's license, he was involved in a car accident on October 11, 1987. As a result, appellant was cited once again for violating the Vehicle Code and his license revoked for a period of two years effective September 23, 1988.

Appellant alleges that, at the time of the accident on October 11, 1987, his privileges were under suspension but not under revocation. Thus, he contends it was error for PennDOT to revoke his license for a period of two years instead of only one year.

The thrust of appellant's argument is that under the Vehicle Code, penalties for vehicle violations are to run consecutively and not concurrently. Therefore, at the time appellant was cited he was still under the original suspension imposed in 1980 since he had not taken any affirmative steps towards the restoration of privileges at that juncture. He further avers the six-month revocation imposed in June 1985, would not then begin until his suspension terminated. We acknowledge violations of the Motor Vehicle Code require consecutive penalties to ensure a fair and equitable result. *Brewster v. Commonwealth of Pennsylvania, Department of Transportation,* 52 Pa. Commw. 112, 415 A.2d 922 (1980); *Commonwealth of Pennsylvania, Department of Transportation v. Von Altimus,* 49 Pa. Commw. 245, 410 A.2d 1303 (1980).[2]

However, in the instant situation we must conclude that the period of revocation began at the time appellant was sent notice of it on June 4, 1985, and

2. 75 Pa.C.S. § 1544 implies this result as well.

continued effective until he took steps to restore his operating privileges on March 8, 1988.

When driving privileges are suspended they remain suspended until the driver takes the required affirmative action to restore those privileges. *Commonwealth of Pennsylvania, Department of Transportation v. Happe*, 111 Pa. Commw. 532, 534 A.2d 576 (1987). Suspension is for an indeterminate period and does not automatically terminate. *Happe, supra.* Since appellant did not commence restorative action he believes he should be treated as if under suspension until he chooses to regain his driver's license. And only after his license is restored should it then be revoked.

Appellant's argument is, at first blush, persuasive. Further reflection, however, shows it achieves an inequitable, absurd result. It would allow appellant to repeatedly commit driving offenses with license revocation penalties, yet he would never actually be required to serve the sentence for such offenses so long as he took no steps to have his suspension lifted.

We agree with PennDOT's contention that this situation compels a result identical with that in *Caruso v. Commonwealth of Pennsylvania, Department of Transportation,* no. 671 C.D. 1988, Pa. Commonmwealth Court, November 17, 1988 (slip opinion). There, Caruso's privileges were suspended in 1982. When he was cited for driving under suspension in 1983, his driving privileges were revoked for a six-month period. The court found that because Caruso had not performed the necessary prerequisites to regain his license from the initial six-month revocation, he was still under revocation when cited for a third time in 1987. That was so regardless of the fact four years had elapsed from the effective date of the six-month revocation.

Caruso's operating privileges had not been restored as of the date of his 1987 citation, so they were deemed still revoked.

Here, appellant was cited in October 1987 for driving under revocation, at which time he had taken no steps towards license restoration. In fact, he took no such steps until a full six months later, in March 1988. Therefore, at the time of the October 1987 citation, appellant's license was revoked according to the *Caruso* precedent. The two years' revocation imposed upon appellant was entirely proper.

### ORDER

And now, March 8, 1989, for the reasons set forth in the accompanying memorandum opinion the appeal from suspension filed by James D. Summerville is hereby respectfully denied, and the Department of Transportation is directed to reinstate the suspension of appellant's operating privileges on a date to be determined by it.