## Commonwealth v. Elder

*Angelo A. Papa, assistant district attorney,* for the Commonwealth.

*Nick A. Turco,* for defendant.

PRATT, *J.,* February 19, 1992—On July 26, 1988, Leonard Joel Elder was stopped by the state police for speeding. When asked by the police to produce

a driver's license, Mr. Elder was unable to do so. The trooper making the stop radioed for information and the information relayed back to the trooper informed him that Mr. Elder's operating privilege was suspended for a driving under the influence of alcohol conviction.

That series of events caused charges to be filed against Mr. Elder for driving while under suspension, driving under the influence of alcohol related, 75 Pa.C.S. §1543(b). Mr. Elder was convicted by District Justice James Reed on May 17, 1991. The case came before this court for a trial de novo on November 25, 1991. Defendant Elder's whole defense at his trial de novo was based on one legal argument.

Convicted of a driving under the influence of alcohol offense on June 27, 1987, Mr. Elder appealed to the Superior Court and later to the Supreme Court. The appeals were decided against him and took in excess of three years. While the appeals were pending, his sentence was stayed. Apparently suspension of his driver's license was not stayed. Presumably Mr. Elder discontinued driving his car until the period of his suspension had expired. Defendant Elder's whole defense at his trial de novo rests on his contention that he was justified in taking the initiative to begin operating his vehicle once the period of suspension did expire. We disagree.

The passage of time alone does not automatically restore a license even after the period of revocation has expired. *Commonwealth v. McCrosson,* 392 Pa. Super. 261, 572 A.2d 791 (1990). That is, not only must the period of suspension end, but the would-be operator must take affirmative steps for the reinstatement of his license to which the government must also respond before he can resume operation. *Commonwealth v. Moyer,* 225 Pa. Super. 374, 310 A.2d 345

(1973). Even the taking of all the necessary steps will not suffice absent an actual restoration. *Commonwealth v. Ungar,* 190 Pa. Super. 43, 151 A.2d 782 (1959). A charge of driving without a license has been held to lie where the operator had not yet received her new license despite facts that the period of suspension had run, she had taken all the necessary steps, the state had completed or was completing its response and she received her new license in the mail several days after the citation. *Commonwealth of Pennsylvania v. Calloway,* 60 Pa. Commw. 647, 432 A.2d 322 (1981).

No testimony was taken as to whether or not the defendant herein, Leonard Joel Elder, took the appropriate steps to begin the reinstatement of his license. Evidently he did not take the appropriate, necessary steps. In any event, the state did not respond and he did not receive his license. Therefore, under the foregoing authority, we must find him guilty of driving while under a suspension as per 75 Pa.C.S. §1543(b). We effect our finding of guilt by our foregoing verdict and order.

## VERDICT AND ORDER

After a summary trial de novo conducted on November 25, 1991, pursuant to the defendant's appeal from summary criminal conviction, the court finds that the Commonwealth has met its burden beyond a reasonable doubt and the court renders a verdict of guilty of the offense of driving while operating privilege is suspended or revoked, relating to driving under the influence of alcohol, in violation of 75 Pa.C.S. §1543(b).

The defendant is advised that he may file a motion for a new trial or arrest of judgment within 10 days of the entry of this order.

Meanwhile, the court schedules April 30, 1992, at 10 a.m., prevailing time, for purposes of sentencing. If the defendant timely files post-verdict motions, the scheduled sentence will be canceled.