## Commonwealth v. Robertson

*Angelo A. Papa, assistant district attorney,* for the Commonwealth.

*Nick A. Turco,* for defendant.

PRATT, *J.,* March 4, 1992—Before the court is Bradley Lee Robertson's appeal from his summary criminal conviction of violating 75 Pa.C.S. §1543(b), driving while operating privilege is suspended or revoked, relating to driving under the influence of alcohol and 75 Pa.C.S. §1501, drivers required to be licensed.

Evidence adduced during the trial de novo revealed that Police Officer Anthony Nativio of the Neshannock Township Police Department stopped Mr. Robertson's

car on July 26, 1988, for an equipment violation. Upon checking the status of Mr. Robertson's license via radio, Officer Nativio learned that Mr. Robertson's privileges (license) had been suspended as a result of a conviction of driving under the influence of a controlled substance, 75 Pa.C.S. §3731. Mr. Robertson was cited by Officer Nativio for driving while his license was suspended related to a charge for driving under the influence, in violation of 75 Pa.C.S. §1543(b) and for driving without a required license, 75 Pa.C.S. §1501. At the minor judiciary level, the district justice found him guilty of both charges, and defendant Robertson appealed those convictions to this court. Following a trial de novo, we must find the defendant guilty of violating 75 Pa.C.S. §1543(b), but not 75 Pa.C.S. §1501.

Under the facts of this case the defendant could not be guilty of violating both 75 Pa.C.S. §1543(b) and 75 Pa.C.S. §1501. The Commonwealth charged the defendant with driving one vehicle on one occasion without a valid, current operator's license. To make that anything more than one offense would be unconstitutional in its application because the protection against double jeopardy "protects against *multiple punishments* for the *same offense." North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2071, 2076, 23 L.Ed.2d 656, 665 (1969). (emphasis added) Therefore, under these facts, the defendant could not be constitutionally convicted of both offenses.

Surely the legislature was aware of these legal principles rudimentary to our system of jurisprudence when they enacted these sections, so our initial reflex is that the legislature could not have meant both provisions to apply to one act of one individual. This initial reaction is borne out by a closer analysis; 75 Pa.C.S. §1543(b) applies and 75 Pa.C.S. §1501 does not. Sec-

tion 1501 forbids anyone from operating "any motor vehicle upon a highway in this Commonwealth unless the person has a driver's license valid under the provisions of this chapter," (75 Pa.C.S. §1501), while §1543(b) forbids anyone from operating "a motor vehicle on any highway of this Commonwealth at a time when the operating privilege is suspended, revoked or recalled." 75 Pa.C.S. §1543(b).

The defendant herein did not lack a valid license; he had a valid, albeit suspended, license. A license would be valid if it was executed with the proper requisites and formalities recognized by law. There is no dispute herein that the defendant had been properly issued an operator's license. By the very nature of the word "suspension," it would seem that a suspension would not invalidate a license, but only render it inactive. That would be consistent with the statutory definition of "suspend" (a different form of the same root word) found earlier in the Vehicle Code, which is to *withdraw*, not annul, *temporarily* by formal action of the department any license, registration or privilege issued or granted by the department." 75. Pa.C.S. §102.

Then by logic we are led to the conclusion that Mr. Robertson could not correctly be convicted of 75 Pa.C.S. §1501. That logic is as follows:

(1) *Major premise*—a conviction requires operation of a vehicle without a valid license.

(2) *Minor premise*—the defendant had a valid license albeit a suspended license.

(3) *Conclusion*—the defendant could not be properly convicted of 75 Pa.C.S. §1501.

That being concluded, we turn now to defendant's conviction for driving with a suspended license relating to driving under the influence of alcohol (75 Pa.C.S.

§1543(b)) and his defense thereto of lack of notice of the then extant suspension.

The defendant acknowledges being aware of an initial driving under the influence conviction and the license suspension resulting therefrom as well as a subsequent conviction for driving under the influence, but he claims he was never given notice of a second license suspension resulting from the second conviction. The time period of license suspension having run on the first conviction and never having received notice of the second conviction, the defendant argues he should not be convicted of the offense sub judice.

The court is aware of a line of cases holding that one cannot be found guilty of driving with a suspended license where it cannot be shown that the defendant knew or should have known his license was suspended. *Commonwealth v. Kane,* 460 Pa. 582, 333 A.2d 925 (1975); *Commonwealth v. Martin,* 346 Pa. Super. 129, 499 A.2d 344 (1985); *Commonwealth v. Gray,* 356 Pa. Super. 299, 514 A.2d 621 (1986). In those cases, due to lack of notice, nothing could be proven showing the defendants had reason to know their licenses were ever suspended.

Herein we think the defendant's alleged lack of notice of a subsequent suspension is immaterial, because he knew of a previous suspension and more was needed to lift that initial suspension. The expiration of the period of suspension is insufficient to restore defendant's operating privileges inasmuch as the passage of time alone does not automatically restore a license even after the period of revocation has expired. *Commonwealth v. McCrossen,* 392 Pa. Super. 261, 572 A.2d 791 (1990). That is, not only must the period of suspension end, but the would-be operator must take affirmative steps for the reinstatement of his license to which the gov-

ernment must also respond before he can resume operation. *Commonwealth v. Moyer,* 225 Pa. Super. 374, 310 A.2d 345 (1973). Even the taking of all the necessary steps will not suffice absent an actual restoration. *Commonwealth v. Ungar,* 190 Pa. Super. 43, 151 A.2d 782 (1959). And this is true despite the restoration being so far along that the operator receives it several days after the citation. *Commonwealth v. Calloway,* 60 Pa. Commw. 647, 432 A.2d 322 (1981).

With defendant Robertson not having taken the affirmative steps necessary for the restoration and the state not having made the responding necessary steps, the defendant would not have been entitled to operate his vehicle even if the subsequent offense had never occurred. Therefore, lack of notice of the suspension resulting from the subsequent conviction would be immaterial. Of course, had the defendant began the steps to restore his license, then he would have either received such a license or notice of the additional suspension. Either way he would not now be before the court arguing a lack of notice to the charge filed.

Without having taken the steps to restore his license, the defendant would not be entitled to drive whether or not he received notice, whether or not the subsequent charge had ever been filed, whether or not he had been found guilty of the charge, or whether or not any resulting conviction was reversed on appeal. Therefore, lack of notice of a subsequent conviction not being a defense under the facts of this case, the defendant must be found guilty of operating a vehicle with a suspended license related to driving under the influence, in violation of 75 Pa.C.S. §1543(b).

So, the net result of the defendant's appeal and trial de novo is that he is found guilty of violating 75 Pa.C.S. §1543(b), but not guilty of violating 75 Pa.C.S. §1501.

These findings are officially made of record via our accompanying verdict and order.

### ORDER OF COURT

After a summary trial de novo conducted on November 25, 1991 pursuant to the defendant's appeal from summary criminal conviction, the court finds that the Commonwealth has met its burden beyond a reasonable doubt and the court renders a verdict of guilty of the offense of driving while operating privilege is suspended or revoked, relating to driving under the influence of alcohol, in violation of 75 Pa.C.S. §1543(b).

The court finds the defendant not guilty as to the offense of drivers required to be licensed, 75 Pa.C.S. §1501.

The defendant is advised that he may file a motion for a new trial or arrest of judgment within 10 days of the entry of this order.

Meanwhile, the court schedules May 19, 1991, at 10:30 a.m., prevailing time, for purposes of sentencing. If the defendant timely files post-verdict motions, the scheduled sentence will be canceled.