## Commonwealth *v.* Shero.

Argued May 5, 1972, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

474

*Stuart A. Liner,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*Harry A. Englehart, Jr.,* with him *Englehart, Creany, Englehart & Leahey,* for appellee.

OPINION BY JUDGE MENCER, May 26, 1972:

The Commonwealth has appealed from an order of the Court of Common Pleas of Cambria County which reversed the action of the Secretary of Transportation in suspending the operator's license of one Francis Shero (appellee) for ninety (90) days.

In *Virnelson Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 359, 368, 243 A. 2d 464 (1968), it was held that "[a]t the hearing before the lower court the Commonwealth should produce the records of convictions received by the Department of Revenue [now Department of Transportation[1]] from the magistrates and courts of record in the proper form, and the secretary's record compiled therefrom which justified the suspension."

Here the Commonwealth produced a single exhibit at the hearing before the lower court. This exhibit was

---

[1] The powers and duties relating to the licensing of operators of motor vehicles vested in and imposed upon the Department of Revenue by the Act of April 29, 1959 (P. L. 58) known as "The Vehicle Code" is now vested in and imposed upon the Department of Transportation by virtue of the Act of May 6, 1970, P. L. , No. 120, §11, as amended, 71 P.S. §511.

a copy of a traffic citation indicating a disposition by a "found guilty" adjudication. The signature of the person signing the adjudication was illegible and the Commonwealth's attorney so admitted for the record. This exhibit was not certified as true and correct by the Secretary of Transportation (Secretary).

Much more fatal to the Commonwealth's case is that no record was offered of the other underlying convictions[2] to support the point record of the appellee. The production of such records is an essential prerequisite under the holding of *Virnelson Motor Vehicle Operator License Case, supra.* If the suspension of an operator's license is to rest upon the record of points assessed by the Secretary, that record must be complete, self-sustaining and certified to be true and correct. The following colloquy is found in the record:

"BY MR. NASSAU [Commonwealth's attorney]: I would also like to state for the record our file is lacking any conviction report from a magistrate of a hearing, and is also lacking any notice given to the defendant of scheduling a hearing.

"BY THE COURT: Well, of course, under the Act, there must be a conviction noted to assess the points."

In *Virnelson Motor Vehicle Operator License Case, supra,* it was held that on appeal by a motor vehicle operator whose license has been suspended under Section 619.1 of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §619.1, the scope of review is limited to a determination of whether the driver was convicted and whether the Secretary properly computed points and applied the mandatory provi-

---

[2] There must have been other convictions of record, since appellee's exhibit No. 2 (notice from the Secretary of withdrawal of motor vehicle privileges) states that 6 points were assigned to appellee's record as a result of his conviction relative to the citation (Commonwealth's exhibit No. 1), and this produced a point accumulation of 16, resulting in a suspension of 90 days.

sion of that section. In *Commonwealth v. Iorio*, 2 Pa. Commonwealth Ct. 502, 276 A. 2d 360 (1971), we held that, upon appeal of the suspension of an operator's license under Section 619.1 of The Vehicle Code, the burden is upon the Commonwealth to prove the conviction or convictions of the licensee by *records of conviction in proper form* and the point calculations made therefrom justifying suspension.

Here an examination of the record discloses that the Commonwealth has failed to meet its burden. It has not established in proper form any conviction, since its only exhibit was not certified by the Secretary and it offered no evidence as to any other conviction or any evidence as to the point calculations necessary to justify the suspension. We can only conclude that the record of convictions in the instant case was not in proper form and the Commonwealth's evidence was inadequate to carry its burden of proof. Therefore, we must affirm the lower court's order reversing the action of the Secretary of Transportation in suspending appellee's motor vehicle operating privileges.

Order affirmed.