Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* William L. Schmidt, Appellee.

319

Argued December 11, 1980, before Judges Mencer, Rogers and Blatt, sitting as a panel of three.

*Harold H. Cramer*, Assistant Attorney General, with him *Ward T. Williams*, Chief Counsel, Transportation, and *Edward G. Biester, Jr.*, Attorney General, for appellant.

*Michael A. Donadee*, for appellee.

Opinion by Judge Mencer, March 5, 1981:

The Pennsylvania Department of Transportation, Bureau of Traffic Safety (Bureau) appeals from an order of the Court of Common Pleas of Allegheny County which sustained the appeal of William L. Schmidt from the suspension of his privilege of operating a motor vehicle. We reverse and reinstate the suspension.

The Bureau received a certification of conviction indicating that Schmidt had been found guilty of violating Section 3743(a) of the Vehicle Code (Code), 75 Pa. C. S. §3743(a) (relating to accidents involving damage to attended vehicle or property). Pursuant to Section 1532(b) of the Code, 75 Pa. C. S. §1532(b), Schmidt's operating privilege was suspended for 6 months.

At the suspension hearing, Schmidt testified that he was not aware that, while attempting to pass, he had struck a mobile home attached to a tractor-trailer; rather, he thought that he had hit the median strip. Schmidt further testified that he did not appeal from his conviction because the police officer told him that he would not lose his license. The lower court sustained the appeal on the ground that the mobile home was not a vehicle. The lower court also ruled, sua sponte, that the Bureau had failed to introduce a certified record of the conviction. This appeal followed.

The Bureau first argues that the lower court exceeded its scope of review by looking behind the conviction and accepting a collateral attack on the conviction. We agree. In this administrative proceeding, the lower court's inquiry is limited to determining whether Schmidt *"has, in fact, been convicted of a traffic violation and whether the Bureau has faithfully observed the provisions of [t]he Vehicle Code in suspending [Schmidt's] driving privileges. [The lower court] may not consider the question of whether [Schmidt] should have been convicted."* *Department of Transportation, Bureau of Traffic Safety v. Grobes,* 45 Pa. Commonwealth Ct. 151, 153, 405 A.2d 588, 589 (1979) (emphasis in original).

Our discussion of the matter in *Department of Transportation, Bureau of Traffic Safety v. Lea,* 34 Pa. Commonwealth Ct. 310, 384 A.2d 269 (1978), is dispositive.

Appellee's attempt to attack his conviction on the ground that he was not advised of the possible revocation of his license must also fail. It is clear that our review, and by the same token, the review of the lower court, is limited to the order of revocation and not of the criminal conviction which prompted the revocation. Martz v. Department of Transportation, Bu-

reau of Traffic Safety, 24 Pa. Commonwealth Ct. 26, 354 A.2d 266 (1976). In Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359, 368, 243 A.2d 464, 469 (1968), the Superior Court said '(the licensee) may not go into the facts of his violation or mitigating circumstances thereof, because the issue is whether he was convicted and not whether he should have been convicted.' More recently, in Department of Transportation, Bureau of Traffic Safety v. Brown, 31 Pa. Commonwealth Ct. 620, 622-23, 377 A.2d 1027, 1029 (1977), we said '. . . a criminal conviction may not be attacked later in a suspension appeal, which is civil in nature.'

As we view it, an appeal from suspension or revocation of an operator's license being civil in nature, a reviewing court may not consider any claimed procedural defects or errors in the criminal proceeding which formed the basis for the suspension or revocation.

*Id.* at 312-13, 384 A.2d at 271. *See also Department of Transportation, Bureau of Traffic Safety v. Freeman,* 24 Pa. Commonwealth Ct. 519, 357 A.2d 248 (1976); *Commonwealth v. Siedlecki,* 7 Pa. Commonwealth Ct. 130, 300 A.2d 287 (1973).

The Bureau next argues that the lower court erred by determining, sua sponte, that the certified record of conviction was not properly introduced. We agree. First, the Bureau *did* introduce a properly certified record of conviction. The Bureau produced the traffic citation and the record of disposition of guilty signed by the district magistrate, both of which were certified to be correct by the Director of the Bureau of Traffic Safety and by the Secretary of Transportation. *Cf. Commonwealth v. Shero,* 5 Pa. Commonwealth Ct. 473, 475, 291 A.2d 342, 343 (1972) (the record must be "complete, self-sustaining and certified to be true and correct").

322

Even if the record was not properly certified, however, Schmidt's own testimony established both the fact of conviction under the appropriate section of the Vehicle Code and the payment of the fine. This admission by Schmidt is sufficient to support the Bureau's burden of proving the fact of conviction. *Virnelson Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 359, 243 A.2d 464 (1968).

Order reversed.

ORDER

Now, this 5th day of March, 1981, the order of the Court of Common Pleas of Allegheny County in the above captioned matter, dated September 10, 1979, sustaining the appeal of William L. Schmidt, is hereby reversed, and the suspension of the operating privilege of William L. Schmidt for a period of 6 months, issued by the Pennsylvania Department of Transportation, Bureau of Traffic Safety, is hereby reinstated.