Edwin S. Braden, Appellant v. Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs, June 4, 1981, to Judges MEN-CER, CRAIG and MACPHAIL, sitting as a panel of three.

*George A. Hahalis,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel of Transportation, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE MENCER, October 9, 1981:

This is an appeal by Edwin S. Braden (appellant) from a decision of the Court of Common Pleas of Northampton County which sustained a revocation of his operating privilege by the Department of Transportation (Department). We affirm.

At a jury trial in the Court of Common Pleas of Lehigh County, held on April 12 and 13, 1977, the appellant was found guilty of failing to stop and render assistance, failing to give his name, address, and registration number, and failing to exhibit his license, in violation of Section 1027(b) of The Vehicle Code (Code).[1] The appellant's conviction was upheld by the

---

[1] Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §1027(b), repealed by the Act of June 17, 1976, P.L. 162. Similar provisions are now found in Sections 3742 and 3744 of the Vehicle Code, 75 Pa. C. S. §§3742, 3744.

Superior Court, and a certification of his conviction was received by the Department. Thereafter, it notified him that his operator's license was being revoked for one year, pursuant to Section 616(a)(3) of the Code.[2] This section provided, *inter alia*:

(a) Upon receiving a certified record, from the clerk of the court, of proceedings in which a person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, of any of the crimes enumerated in this section, the secretary shall forthwith revoke, for a period of one (1) year from the date of revocation, the operating privilege of any such person. . . . Cases requiring such certification follow:

. . . .

(3) Conviction of any operator of a motor vehicle or tractor involved in an accident, resulting in injury or death to any person or damage to property, upon the charge of failing to stop and render assistance or disclose his identity at the scene of the accident.

The appellant appealed the revocation to the Court of Common Pleas of Northampton County, contending that a consideration of mitigating circumstances underlying the criminal conviction would indicate that the revocation was improper. The Court denied the appellant's appeal and sustained the order of the Department, concluding that it did not possess the power to independently review the merits of the revocation or the criminal conviction upon which it was founded. This appeal followed. The appellant contends here that the Court of Common Pleas had the requisite scope of review to determine the merits of the Depart-

---

[2] *Formerly* 75 P.S. §616(a)(3). A similar provision is now found in Section 1532(a)(3) of the Vehicle Code, 75 Pa. C. S. §1532(a)(3).

ment's order because his was a non-point-system revocation. We reject that contention.

The relevant consideration is not whether the appellant's license revocation was or was not based upon accumulated points but, instead, whether the Secretary was given discretionary authority to revoke the appellant's license pursuant to Section 616(a)(3) of the Code. In *Virnelson Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 359, 367-68, 243 A.2d 464, 469 (1968), the Court stated:

> The rule of de novo review had a clear purpose: '[T]he hearing de novo in the court below protected defendant against an arbitrary exercise of power on the part of the secretary.' Commonwealth v. Cronin, 336 Pa. 469, 474, 9 A.2d 408, 411 (1939). So long as the secretary had broad discretionary powers to suspend or not suspend as he saw fit, a thorough judicial review was, if not a requirement of due process, at least a proper means of preventing arbitrary or discriminatory suspensions. . . . The reviewing court may not, however, change the statutory law under which the original decision was made. When the secretary's power was discretionary the secretary as well as the court could consider extentuating circumstances. . . . [W]hen the secretary's action is mandated neither the secretary nor the court may consider such circumstances for they have no bearing on the mandate.
>
> . . . [The defendant] may not go into the facts of his violation or mitigating circumstances thereof because the issue is whether he was convicted and not whether he should have been convicted. . . . The discretion in these cases has been exercised by the legislature. The merit of the suspension is no longer a matter

for determination by either the secretary or the courts.

Section 616(a)(3) of the Code commanded the Secretary to act upon receiving a certified record of the proceedings in which a defendant had been convicted of failing to stop and render assistance or disclose his identity at the scene of an accident; no discretion was afforded him by the legislature. In *Department of Transportation, Bureau of Traffic Safety v. Freeman*, 24 Pa. Commonwealth Ct. 519, 357 A.2d 248 (1976), we held that the reasoning of *Virnelson* applied to mandatory revocations pursuant to Section 616 of the Code. Where the Secretary was required to revoke operating privileges pursuant to the Code, the lower court on appeal could only determine whether there had been compliance with the Code.

The appellant argues that *Freeman* is inapplicable because the defendant in that case was not convicted but pled guilty, unlike the appellant who continues to maintain his innocence despite his conviction. Unfortunately, appellant's counsel has misread that case, since Mr. Freeman was convicted. In any event, the distinction the appellant would rely on is without significance. The Code is clear; it mandates revocation for those convicted of violating its prescribed sections. That the appellant continues to maintain his innocence has no bearing on the revocation. He was convicted in a proceeding demanding the highest standard of legal proof. His criminal conviction may not be collaterally attacked in a later civil appeal.

Because the appellant was convicted of violating Section 1027(b) of the Code and a certified record of the criminal proceedings and conviction was received by the Department, the appellant's operating privilege was properly revoked, pursuant to Section 616 of the Code.

Order affirmed.

188

## Order

And Now, this 9th day of October, 1981, the order of the Court of Common Pleas of Northampton County, dated November 14, 1979, is hereby affirmed, and the Department of Transportation's order of revocation is reinstated.