514 A.2d 233

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Bryan Lee Stevens, Appellee.

Submitted on briefs April 7, 1986, to Judges ROGERS and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Stephen F. J. Martin,* Assistant Counsel, with him, *Harold Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Michael R. Perna, Rigler and Perna,* for appellee.

OPINION BY JUDGE DOYLE, August 11, 1986:

The Department of Transportation, Bureau of Traffic Safety (Department) appeals from an order of the Court of Common Pleas of Chester County which sustained the appeal of Bryan Lee Stevens (Appellee) from the Department's suspension of his operating privilege pursuant to Section 1539 of the Vehicle Code, 75 Pa. C. S. §1539 (accumulation of eleven points).

At a hearing before the court of common pleas on June 2, 1983 the Department, as proof of the underlying convictions supporting Appellee's license suspension, offered into evidence photocopies of three citations for speeding violations which were issued to Appellee on April 3, 1982, October 23, 1982 and November 24, 1982, along with photocopies of the certifications of disposition which appeared on the reverse of each citation. These photocopies were offered under cover of a sepa-

rate statement signed and sealed by the Director of the Bureau of Traffic Safety Operations and the Secretary of Transportation, certifying that they were full, true, correct and certified photostatic copies of the original citations and certifications.

Appellee's counsel objected to the admission of this evidence, and the trial court sustained his objection on the grounds that the court was unable to discern the raised impression of the district justice's seal on two of the three certifications. The hearing was continued to allow the Department the opportunity to obtain more legible copies.

At the reconvened hearing on September 1, 1983, the Department reoffered the same proofs of conviction and cited a case to the court, *Department of Transportation, Bureau of Traffic Safety v. Kluger,* 12 Pa. Commonwealth Ct. 460, 310 A.2d 455 (1974), opinion on reargument, 12 Pa. Commonwealth Ct. 460, 317 A.2d 686 (1974), for the proposition that even where the imprinted seal is not visible on a photocopy, so long as the copy is proper on its face and is certified by the Bureau, it is sufficient proof of conviction.

The court accepted *Kluger* as controlling and admitted the records (as Exhibit C-1) into evidence. Although counsel for Appellee continued to object on the record, he makes no argument before this Court on the basis of this objection, and in fact, states in his brief that "the court correctly accepted the[se] records into evidence."

The matter might have been concluded at this point had the Department not indicated to the court that it had gone one step further and also obtained copies of the original citations and certifications directly from the office of the district justice. These copies were also offered into evidence (as Exhibit C-2) and were objected to by counsel for Appellee because the certifications of disposition differed from those obtained from the Bu-

reau of Traffic Safety in that all three of them bore the signature of a different district justice and two of them had different dispositions circled on the forms. In Exhibit C-1, the disposition circled on all three certifications was "non-appearance, paid fine and costs," but in Exhibit C-2, on two of the certifications, the disposition circled was "pled guilty (prior to hearing)."

The trial court admitted Exhibit C-2 into evidence, noting that although it appeared to conflict with Exhibit C-1, it was nevertheless facially competent proof of the convictions. Appellee then took the stand on his own behalf and testified that although he did pay the fines and costs on each citation, he at no time entered any written or oral pleas of guilty.

The court then issued a decision reversing the license suspension, stating that Exhibit C-1 and Exhibit C-2 conflicted with one another, and consequently neither constituted credible evidence of Appellee's conviction of the underlying offenses. The court also found that Appellee had requested a hearing on each conviction and had not received one. He therefore remanded the case back to the district justice for hearings on the citations.

On appeal, the Department raises several arguments. First, since Exhibit C-1 was sufficient to sustain its burden of proof, the court should have simply ignored Exhibit C-2; second, that the two exhibits did not differ substantively, since Section 6501(b) of the Vehicle Code, 75 Pa. C. S. §6501(b), provides that "[a] payment by any person charged with a violation of this title of the fine prescribed for the violation *is* a plea of guilty . . ." (emphasis added); third, that Appellee's testimony before the court that he paid the fines and costs was alone sufficient to prove his conviction; and, finally, that the remand order was improper because it required reopening the underlying criminal conviction.

Initially, we note that even Appellee himself agrees that the remand order was improper. The trial court, in finding that hearings were requested and not granted, opened up the question of whether or not Appellee *should* have been convicted of the criminal offenses. This is absolutely prohibited in a civil proceeding. *Department of Transportation, Bureau of Traffic Safety v. Schmidt,* 57 Pa. Commonwealth Ct. 318, 426 A.2d 1222 (1981). We find this action by the trial court particularly inappropriate, since our careful review of the record fails to reveal any testimony by Appellee that he ever *requested* hearings.

Furthermore, we agree with the Department that Exhibit C-1 and Exhibit C-2 were not substantively inconsistent with one another. The certifications of disposition in Exhibit C-2 were handwritten reproductions rather than photocopies. It is quite obvious from examination of Exhibit C-1 that obtaining clearer photocopies of the seal would have been impossible, since the copies are nearly black, and still the markings are barely discernible. A blank certification form was therefore filled out by hand and signed by District Justice BROWN, as acting justice for District Justice DEFILIPPO, the justice who signed the original certifications.[1] District Justice BROWN then affixed an *original* seal to the copies. The fines and costs are set forth and marked paid just as in the original certifications. Unfortunately however, on

---

[1] It is not necessary that the reproductions be photocopies of the originals. As we said in *Kluger,* 12 Pa. Commonwealth Ct. at 464, 317 A.2d at 687:

> As we read that statutory section, it would be entirely appropriate for the Commonwealth to utilize any means of reproduction (*e.g.,* photocopy, typed or even handwritten), and so long as the certified copy is proper on its face, such reproduction must be accepted by the courts with the same force and effect as the original.

two of the certifications in Exhibit C-2, a different dis-
position than that indicated on the original certification
was erroneously circled. Exhibit C-1 therefore, indi-
cates that Appellee paid the fines and costs, while Ex-
hibit C-2 indicates that Appellee pled guilty *and* paid
the fines and costs. Since payment of the fines and costs
*is* a guilty plea under the Vehicle Code, the two dis-
positions are substantively the same. The reason a sepa-
rate category is provided on the form for "pled guilty
(prior to hearing)" is undoubtedly because it is possible
to plead guilty *without* paying any fines or costs and still
receive a hearing, either to set the amount of the fine or
to establish an inability to pay. *See* 75 Pa. C. S. §6504
(a). Clearly this is not what occurred in this case, how-
ever, as all the evidence, including Appellee's own testi-
mony, unanimously establishes that he *paid* the fines
and costs.

The trial court indicated in its opinion that Exhibit
C-2 appeared to be inaccurate since there was no evi-
dence that a written or oral guilty plea was ever made.
We emphasize that we are not making any determina-
tion concerning the accuracy or adequacy of Exhibit C-
2. The trial court may well have been justified in find-
ing that Exhibit C-2 did not constitute adequate proof of
conviction. We believe, however, that having accepted
Exhibit C-1 as adequate proof of conviction, the court
erred in determining that Exhibit C-2, in effect, im-
peached Exhibit C-1.

This conclusion makes it unnecessary for us to con-
sider the Department's further argument that Appellee
proved his conviction through his own testimony.

### ORDER

Now, August 11, 1986, the order of the Court of
Common Pleas of Chester County, Misc. Term, 109-P
1983, dated September 8, 1983, is hereby reversed,

and the Department of Transportation, Bureau of Traffic Safety's suspension of the operating privilege of Bryan Lee Stevens for the period of 55 days is hereby reinstated.