514 A.2d 1006

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Frank P. Conroy, Appellee.

Submitted on briefs August 12, 1986, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

No appearance for appellee.

PER CURIAM OPINION, September 11, 1986:

The Department of Transportation, Bureau of Traffic Safety (Department) appeals from an order of the Court of Common Pleas of Delaware County sustaining the appeal of Frank P. Conroy (Appellee) from the Department's suspension of his driving privileges pursuant to Section 1543 of the Vehicle Code (Code), 75 Pa. C. S. §1543 (driving during a period of suspension).

On August 30, 1978 Appellee was given a citation for violating Section 3112(a)(3)(i) of the Code (failure to stop at red traffic signal) and he was subsequently convicted when he failed to respond to the citation. His license was then suspended on July 31, 1980 as the result of this conviction.

On August 25, 1980, Appellee was cited for a violation of Section 1543(a) of the Code and was convicted of that offense. There was no appeal from that judgment.

Following the second conviction the Department revoked Appellee's driving privileges for six months pursuant to Section 1543(c).

The trial court sustained Conroy's appeal on the basis that Appellee never received notice of his original license suspension because he had changed addresses and that the Department did not note the change of address. The trial court determined that since Appellee had no notice of his original license suspension he did not know he was driving under a period of suspension. The Department appeals, contending that the trial court improperly allowed Appellee to attack collaterally a prior criminal conviction in a license suspension proceeding. We agree.

It is well settled that a license suspension appeal is a civil proceeding in which an underlying criminal conviction may not be attacked. *Department of Transportation, Bureau of Traffic Safety v. Valentine,* 71 Pa. Commonwealth Ct. 8, 10, 453 A.2d 742, 743 (1982); *Department of Transportation, Bureau of Traffic Safety v. Schmidt,* 57 Pa. Commonwealth Ct. 318, 320-21, 426 A.2d 1222, 1223 (1981). The claim of Appellee that he received no notice of his July 31, 1980 license suspension is an attempt to relitigate his conviction for driving while his license was suspended and cannot be considered on this appeal. In considering such evidence the trial court erred.

Accordingly, we must reverse the decision of the trial court.

## ORDER

Now, September 11, 1986, the order of the Court of Common Pleas of Delaware County, Civil Division, No. 81-16598, dated August 17, 1982, is hereby reversed and the Department of Transportation, Bureau of Traffic Safety's suspension of the operating privileges of Frank P. Conroy for the period of six months is hereby reinstated.