543 A.2d 636

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Michael Barrett, Appellee.

Submitted on briefs May 3, 1988, to Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE DOYLE, July 8, 1988:

The Department of Transportation, Bureau of Driver Licensing (Department), appeals from an order of the Court of Common Pleas of Lehigh County sustaining the appeal of Michael Barrett (Licensee) from the Department's suspension of his driving privileges pursuant to Section 1543 of the Vehicle Code (Code), 75 Pa. C. S. §1543 (driving during a period of suspension). We reverse.

Licensee was twice convicted of violating Section 3323 of the Code, 75 Pa. C. S. §3323 (failure to obey a stop or yield sign). As a result of the second conviction, the Department ordered that he would have to pass a special driving examination. Licensee did not respond to the notice to take the special driving examination, so the Department suspended his license, effective January 28, 1986, pursuant to Section 1533 of the Code, 75 Pa. C. S. §1533 (suspension of operating privileges for failure to respond to citation).

On February 6, 1986, a citation was issued to Licensee for violating Section 1543. Licensee pled guilty to the offense on February 25, 1986. No appeal was taken from this conviction.

Following this third conviction, the Department suspended Licensee's driving privileges for six months pursuant to Section 1543(c). Licensee appealed the suspension to the common pleas court.

The trial court sustained Licensee's appeal on the basis that "the record provided by the Commonwealth as an exhibit did not contain a copy of the letter which

indicated that the Commonwealth did in fact send notice of the suspension and in view of the fact that the Commonwealth has been given an opportunity to obtain a copy of said letter and failed to do so." This appeal follows.[1]

The Department contends that the trial court erroneously allowed Licensee to attack collaterally a prior criminal conviction in a license suspension proceeding. We agree. This case is controlled by our decision in *Department of Transportation, Bureau of Traffic Safety v. Conroy*, 100 Pa. Commonwealth Ct. 461, 514 A.2d 1006 (1986). In *Conroy*, the trial court sustained the licensee's appeal on the basis that he had no notice of the license suspension and did not know he was driving under suspension. In reversing the trial court, we stated:

> It is well settled that a license suspension appeal is a civil proceeding in which an underlying criminal conviction may not be attacked. Department of Transportation, Bureau of Traffic Safety v. Valentine, 71 Pa. Commonwealth Ct. 8, 10, 453 A.2d 742, 743 (1982); Department of Transportation, Bureau of Traffic Safety v. Schmidt, 57 Pa. Commonwealth Ct. 318, 320-21, 426 A.2d 1222, 1223 (1981). The claim of Appellee [Conroy] that he received no notice of his July 31, 1980 license suspension is an attempt to relitigate his conviction for driving while his license was suspended and cannot be

---

[1] Our scope of review in a license suspension proceeding is limited to determining whether the trial court abused its discretion or committed an error of law, and whether the trial court's factual findings are supported by competent evidence. *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 99 Pa. Commonwealth Ct. 410, 513 A.2d 1083 (1986).

considered on this appeal. In considering such evidence the trial court erred.

*Id.* at 463, 514 A.2d at 1007. Here, as in *Conroy,* Licensee was found guilty of driving while under suspension and no appeal was taken of that conviction. Thus, he may not attempt to relitigate the issue of whether he had notice of his original suspension. *Conroy.* As this Court has frequently said, the only proper inquiry in cases such as this is "whether the licensee was convicted [of the underlying offense] and not whether [he] should have been convicted [of it]." *Department of Transportation, Bureau of Driver Licensing v. Morris,* 114 Pa. Commonwealth Ct. 454, 456, 539 A.2d 30, 31 (1988).

Accordingly, the order of the trial court is reversed and the Department's suspension of Licensee's operating privileges is reinstated.

### ORDER

Now, July 8, 1988, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is hereby reversed and the Department of Transportation, Bureau of Driver Licensing's suspension of the operating privileges of Michael Barrett is hereby reinstated.