635 A.2d 718

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,

v.

Donald A. MECKLER.

Commonwealth Court of Pennsylvania.

Submitted May 14, 1993.

Decided Dec. 22, 1993.

Timothy P. Wile, Asst. Counsel In–Charge, Appellate Section, for appellant.

Donald A. Meckler, appellee, pro se.

Before COLINS and FRIEDMAN, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals an order of the Court of Common Pleas of Allegheny County which sustained an appeal of Donald A. Meckler and reversed a sixty day suspension of Meckler's operating privileges. We affirm.[1]

---

1. This case was reassigned to the opinion writer on November 16, 1993.

DOT notified Meckler that his license was being suspended pursuant to 75 Pa.C.S. § 1535 because Meckler had been convicted of passing a school bus with its red lights flashing in violation of 75 Pa.C.S. § 3345(a).[2] Meckler appealed the suspension to the common pleas court, which held a hearing on October 7, 1992.

 At that hearing, counsel for DOT asked Meckler to prove that service of the statutory appeal had been made on DOT. Meckler produced a United States Postal Service "green card" which indicated that an article of mail was received by DOT in Harrisburg. DOT's counsel indicated that DOT had no record of Meckler's appeal and asked the trial court for permission to call Meckler to the stand to testify. The trial court granted DOT's request. DOT's counsel asked Meckler if he received a citation for illegally passing a school bus and if he paid the fine and costs on the citation. Meckler answered yes to both questions. A dialogue then ensued between Meckler's wife and the trial court concerning Meckler's attempt to appeal his conviction by the district justice for illegally passing the school bus. The trial court sustained Meckler's appeal from the license suspension, essentially holding that DOT had failed to meet its burden of proof because it failed to introduce a certified record of the underlying conviction. DOT now seeks our review.[3]

 DOT concedes that it failed to introduce the certified documents to prove the underlying conviction for passing a school bus with its red lights flashing. Despite this failure, DOT argues that it nonetheless met its burden of proving the conviction when Meckler testified that he paid the fine and costs of the citation. We do not agree.

2. 75 Pa.C.S. § 1535 mandates that when a licensee is convicted of violating 75 Pa.C.S. § 3345(a), DOT is required to assess five (5) points against the licensee's record *and* suspend the licensee's operating privilege for sixty (60) days.

3. Our scope of review is limited to determining whether the trial court committed an error of law or a manifest abuse of discretion and to make certain that all necessary findings of fact are supported by competent evidence. *Commonwealth v. Danforth*, 530 Pa. 327, 608 A.2d 1044 (1992).

DOT argues that this question is controlled by *Department of Transportation, Bureau of Traffic Safety v. Schmidt,* 57 Pa.Commonwealth Ct. 318, 426 A.2d 1222 (1981). In *Schmidt,* the licensee was convicted by a district justice of violating 75 Pa.C.S. 3743(a)[4] which mandated a six month suspension of operating privileges under 75 Pa.C.S. § 1532(b). When DOT notified the licensee of the suspension, the licensee appealed and the trial court sustained the appeal, holding, *inter alia,* that DOT failed to introduce a certified record of the conviction. We rejected the trial court's holding by stating:

The Bureau next argues that the lower court erred by determining, sua sponte, that the certified record of conviction was not properly introduced. We agree. First, the Bureau *did* introduce a properly certified record of conviction. The Bureau produced the traffic citation and the record of disposition of guilty signed by the district magistrate, both of which were certified to be correct by the Director of the Bureau of Traffic Safety and by the Secretary of Transportation....

Even if the record was not properly certified, however, Schmidt's own testimony established both the fact of the conviction under the appropriate section of the Vehicle Code and the payment of the fine. This admission by Schmidt is sufficient to support the Bureau's burden of proving the fact of conviction.

*Schmidt,* 57 Pa.Commonwealth Ct. at 321–22, 426 A.2d at 1223–24 (emphasis in original) (citation omitted). DOT relies upon the language quoted in the second paragraph above as authority that Meckler's admissions can sustain DOT's burden of proof.

We must note that in *Schmidt,* we held that DOT *did* introduce the required certified records to meet its burden of proof; therefore, the language relied upon by DOT in the present case is dicta. We now expressly disavow this lan-

4. The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible....

guage.[5] In cases such as the present case, involving suspensions based upon *convictions* of specified offenses, DOT's burden is an easy one to meet. As we stated, "It is clear that in a license suspension appeal the *only issues are whether the licensee was in fact convicted* and whether the Bureau has acted in accordance with applicable law. The underlying criminal conviction may not be challenged in a suspension appeal, which is civil in nature." *Department of Transportation, Bureau of Traffic Safety v. Valentine*, 71 Pa.Commonwealth Ct. 8, 10, 453 A.2d 742, 743 (1982).

DOT is thus required to prove only that the licensee was in fact convicted of the offense requiring the suspension.

5. DOT argues that the licensee's own admission that he or she paid the fine and costs is sufficient to sustain DOT's burden of proving the conviction based upon the Superior Court's holding in *Commonwealth v. Virnelson*, 212 Pa.Superior Ct. 359, 243 A.2d 464 (1968). In that case, the court discussed for the first time whether a *right of appeal* existed when a mandatory suspension was issued based upon the recently enacted system regarding accumulation of points. After stating that the appeal could not go into the *validity of the underlying convictions*, the court stated, "At the hearing before the lower court the Commonwealth should produce records of convictions received by the Department of Revenue from the magistrates and courts of record in the proper form, and the secretary's record compiled therefrom which justified the suspension." *Id.* at 368, 243 A.2d at 469. The court went on to hold that despite the Commonwealth's failure to proceed as suggested above, the licensee's admission that she paid the fine and costs was sufficient to uphold the suspension. However, *Virnelson* predated cases from this court, referred to shortly, which clearly stated that the proper records had to be introduced; in fact, as justification for that result, we relied upon the language of *Virnelson* quoted above. We also believe that the holding in *Virnelson*, which is not binding upon us, is *sui generis*, in that it set forth a new procedure which was to be followed in all subsequent cases.

DOT also relies upon cases from this Court involving the recommitment of parolees. In *Harper v. Pennsylvania Board of Probation and Parole*, 103 Pa.Commonwealth Ct. 251, 258 n. 7, 520 A.2d 518, 522 n. 7, *petition for allowance of appeal denied*, 515 Pa. 625, 531 A.2d 432 (1987), we held that a parolee's admission that he paid the fine and costs of a traffic citation was sufficient to prove that the parolee had committed a *technical* parole violation. We only need note that many technical parole violations do not require conviction of a crime. In *Heckrote v. Pennsylvania Board of Probation and Parole*, 77 Pa.Commonwealth Ct. 131, 465 A.2d 118 (1983), we held that a parolee's admission that he had been convicted of a crime corroborated other

We do not believe that DOT is being unduly burdened by requiring it to offer *certified proof of the conviction* in these cases. Furthermore, we have required such proof for more than twenty years. For example, in *Department of Transportation, Bureau of Traffic Safety v. Shero,* 5 Pa.Commonwealth Ct. 473, 291 A.2d 342 (1972), DOT introduced only a copy of a traffic citation with an illegible signature indicating that the licensee had been found guilty of the offense for which points were assigned. While discussing the failure of DOT to introduce its records as to *all convictions* for which points were assessed, we stated that "the Commonwealth has failed to meet its burden. It has not established in proper form *any conviction,* since its only exhibit was not certified by the Secretary and it offered no evidence as to any other conviction...." *Id.* at 476, 291 A.2d at 344 (emphasis added). In *Department of Transportation, Bureau of Traffic Safety v. Lamb,* 12 Pa.Commonwealth Ct. 508, 316 A.2d 148 (1974), the licensee was issued a citation for reckless driving. While the licensee was away from home on vacation, his mother paid the fine. Points were assessed against the licensee and DOT notified him that his license was being suspended. We affirmed the trial court's reversal of the suspension.[6] Noting that DOT's burden was "minimal", we held that DOT's failure to introduce evidence *that the Secretary received a report of the licensee's conviction* was fatal to its case. In the present case, DOT failed to offer any records to meet its burden, let alone proper records.[7]

hearsay evidence that the parolee had been convicted of a crime. In the present case, the licensee's admission corroborates nothing.

6. The trial court held that the licensee did not authorize his mother to pay the fine and therefore his conviction was improper. We affirmed on different grounds, pointing out that the court's reasoning was erroneous because it constituted an impermissible collateral attack on the conviction.

7. For an interesting discussion on what does and does not constitute the proper records sufficient to allow DOT to meet its burden of proof, *see Epps v. Department of Transportation, Bureau of Traffic Safety,* 11 Pa.Commonwealth Ct. 544, 314 A.2d 884 (1974), and the cases discussed therein.

■ DOT maintains that when Meckler sent notice of his statutory appeal to DOT, he used an incomplete address so that the appeal was never directed to the individuals responsible for preparing for such appeals. DOT thus argues that it was not prepared to present the proper records at the hearing in this case. Our review of the transcript, however, shows that DOT never requested a continuance. DOT chose to rely upon Meckler's admission rather than seek additional time to present the proper records. Having done so at its own peril without requesting a continuance, DOT is precluded from arguing on appeal for the first time that Meckler's service prevented DOT from being ready to present its case.

Affirmed.

## ORDER

AND NOW, this 22nd day of December, 1993, the October 7, 1992 order of the Court of Common Pleas of Allegheny County at No. S.A. 1649 of 1992 is affirmed.