IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andrew Philipps                          :
                                         :
              v.                         : No. 147 C.D. 2019
                                         : Submitted: December 18, 2020
Commonwealth of Pennsylvania,            :
Department of Transportation,            :
Bureau of Driver Licensing,              :
                                         :
              Appellant                  :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED: March 25, 2021


          The Commonwealth of Pennsylvania, Department of Transportation,
Bureau of Driver Licensing (DOT), appeals an order of the Bucks County Court of
Common Pleas (trial court) sustaining the statutory appeal of Andrew Philipps
(Licensee) from a three-month suspension of his operating privilege, imposed
following his conviction for driving with a suspended registration. The trial court
sustained the appeal based on a finding that Licensee's conviction was due to a lapse
in his insurance coverage; however, Licensee established that his insurance had not
lapsed. Therefore, the trial court determined that his registration should not have
been suspended. DOT contends that the trial court erred in permitting Licensee to
collaterally attack his underlying conviction for driving with a suspended

registration.[1]   For the following reasons, we reverse the trial court's order and reinstate the three-month suspension of Licensee's operating privilege.

On September 6, 2018, DOT sent Licensee an Official Notice of the Suspension of his driving privilege as a result of his August 29, 2018 conviction for violating Section 1371 of the Vehicle Code.[2]  Reproduced Record (R.R.) at 11a-14a. Pursuant to Section 1532(b)(4) of the Vehicle Code, DOT "shall suspend the operating privilege of any driver for three months upon receiving a certified record of the driver's conviction of [S]ection 1371 (relating to operation following suspension of registration)[.]"  75 Pa. C.S. §1532(b)(4).  Licensee appealed the three-month suspension, and a hearing was held before the trial court on January 16, 2019.

At the hearing, DOT submitted documentation that Licensee was cited by the police on May 23, 2018, for driving a vehicle with a suspended registration. R.R. at 39a-40a.  DOT also submitted documentation that Licensee was convicted

---

[1] On December 17, 2020, we precluded Licensee from filing a brief or participating in oral argument due to his failure to comply with our October 20, 2020 order directing him to file a brief within 14 days.

[2] 75 Pa. C.S. §1371.  Section 1371 of the Vehicle Code provides as follows:

> **(a) General rule.--**No person shall operate and no owner shall permit to be operated upon any highway a vehicle the registration of which has been suspended.

> **(b) Penalty.--**Any person violating this section is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of not less than $100 nor more than $500.  In the case of a motor carrier vehicle other than a trailer, the fine shall be double the registration fee for the maximum weight at which the vehicle could have been registered in this Commonwealth.

2

of that offense on August 29, 2018. R.R. at 34a (certificate and attestation); R.R. at 43a (certified driving history).

Licensee, appearing *pro se*, testified that his registration suspension was based on a lapse in his insurance coverage. He offered his insurance card and other paperwork to show that he did have valid insurance at the time he was stopped by the police. Licensee explained that he purchased a new vehicle on November 6, 2017, and obtained new insurance for that vehicle on November 16, 2017, and that two days later, his other insurance on his old vehicle was cancelled. He further explained that his insurance coverage period ran from November 16, 2017, to November 16, 2018. Notes of Testimony (N.T.) at 4; R.R. at 21a. Therefore, he asserted that he had valid insurance coverage at the time he received the citation on May 23, 2018. Licensee acknowledged, however, that he did not previously produce the documents because he was confused by the process.

The trial court then told Licensee to show his evidence to DOT. DOT's counsel responded that she could not verify Licensee's insurance status by examining an insurance card because having the card, physically, does not necessarily mean it is valid, as a licensee could stop paying the insurance, thus making it invalid prior to the expiration date on the card. N.T. at 4; R.R. at 21a. Counsel then explained that, under normal circumstances, had Licensee provided such information to DOT, DOT would have verified the coverage with the insurance company, but this did not happen. The trial court responded that DOT could call the insurance company and see if Licensee's insurance was still valid. N.T. at 5-6; R.R. at 22a-23a. DOT replied that even if Licensee's insurance had never lapsed, it did not change the fact that he was convicted of driving with a suspended registration. N.T. at 6; R.R. at 23a.

3

Licensee stated that he initially entered a not guilty plea to the citation and that a hearing date was scheduled. However, he explained that he did not want to miss a day of work. On the day before the hearing, he stated that he called the magisterial district court office and advised that he would not be at the hearing and, instead, would simply pay the fine. He said that he later received a "payment determination letter" indicating that the fine was $327.00, which included court costs and fees. N.T. at 8-9; R.R. at 25a-26a. Licensee testified that he paid the fine, but he did not know that a conviction under Section 1371 of the Vehicle Code would result in a three-month suspension of his driving privilege.

The trial court then stated that fundamental fairness and due process requires that if someone is going to enter a guilty plea, "that [he] understand both the immediate fine and all other ramifications of the potential consequences." N.T. at 11; R.R. at 28a. DOT's counsel advised that the law states otherwise, *i.e.*, a defendant is not entitled to notice of potential civil consequences. The trial court responded, then "[y]ou'll write the appeal." N.T. at 11; R.R. at 28a. Accordingly, the trial court sustained Licensee's appeal and rescinded his suspension. R.R. at 46a.

DOT appealed to this Court on February 7, 2019, and filed a statement of errors complained of on appeal the same day. Thereafter, on May 3, 2019, the trial court issued an opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(a). *See* R.R. at 58a-62a.

In its opinion, the trial court stated that when Licensee called the magisterial district court in Tredyffrin Township, Chester County, and advised that he would rather pay the fine than take a day off from work, he was not aware that doing so would result in a three-month license suspension. Rule 1925(a) Op. at 1-2; R.R. at 58a-59a. As such, the trial court found that "the interests of equity, justice,

4

and judicial economy required" the trial court to sustain Licensee's appeal. Rule 1925(a) Op. at 4; R.R. at 60a. The trial court acknowledged that case law does not permit a licensee to attack an underlying criminal conviction in a civil license suspension appeal hearing. In order to effectively eliminate the conviction for driving with a suspended registration, the trial court observed that Licensee should have filed an appeal with "the Clerk of Courts in the Court of Common Pleas." Rule 1925(a) Op. at 4-5; R.R. at 61a-62a. The trial court then explained that once his conviction was overturned by common pleas, common pleas would have notified DOT and DOT would then revoke the license suspension. The trial court stated that Licensee, like most laypersons, did not know the proper way to appeal his traffic violation. The trial court ultimately held:

> In the interest of judicial economy, this [c]ourt made the decision to Sustain [Licensee's] License Suspension Appeal. If this [c]ourt is presented with evidence showing the underlying conviction should never have occurred, it seems wasteful to require a defendant to file an appeal of the underlying conviction, at this point *nunc pro tunc*, with the Clerk of Courts in the Court of Common Pleas rather than [to] simply Sustain the License Suspension Appeal when the only current interest [Licensee] has is maintaining his driving privilege.

Rule 1925(a) Op. at 5; R.R. at 62a.

Before this Court, DOT raises essentially one issue.[3] DOT contends that the trial court erred as a matter of law in sustaining Licensee's appeal on the basis that it was in the interest of judicial economy to allow him to collaterally attack

---

[3] Our review is limited to determining whether the trial court's findings were supported by substantial evidence, whether errors of law were committed, or whether the trial court's determination constituted an abuse of discretion. *Reinhart v. Department of Transportation, Bureau of Driver Licensing*, 954 A.2d 761, 765 n.3 (Pa. Cmwlth. 2008).

his conviction for driving with a suspended registration in a proceeding solely concerning a civil license suspension appeal.

DOT asserts that the trial court's scope of review was limited to ascertaining whether DOT met its burden of proving that Licensee was convicted of violating Section 1371 of the Vehicle Code, and whether DOT suspended his operating privilege for three months following receipt of certification of the conviction. Because DOT presented certification of the conviction at the hearing, and Section 1532(b)(4) of the Vehicle Code requires a three-month suspension for a conviction under Section 1371, DOT claims that it met its burden. DOT points out that, at the hearing, Licensee argued that his registration suspension was based on a lapse in his insurance and that his insurance, in fact, never lapsed; therefore, his operating privilege should not have been suspended. DOT argues, however, that Licensee is not permitted to collaterally attack his conviction in a license suspension appeal and that the trial court erred by conducting an inquiry into whether Licensee should have been convicted.

We agree with DOT. In *Department of Transportation, Bureau of Driver Licensing v. Meckler*, 635 A.2d 718, 721 (Pa. Cmwlth. 1993), we explained that when a license suspension is based on a conviction, the only issues on appeal are (1) whether the licensee was actually convicted, and (2) whether DOT acted in accordance with applicable law in imposing the license suspension. In order to meet its burden, which we characterized as "an easy one to meet," DOT must offer certified proof of the conviction. *Id.* We also explicitly stated that the licensee cannot challenge the underlying conviction in the civil license suspension appeal. *Id.* Further, the trial court "may not entertain a collateral attack on the validity of the underlying conviction" or "conduct any inquiry into whether the licensee *should*

6

have been convicted." *Dick v. Department of Transportation, Bureau of Driver Licensing*, 3 A.3d 703, 709 (Pa. Cmwlth. 2010) (emphasis in original).

At the hearing in this case, DOT introduced certified records showing that the Secretary of Transportation received a report of Licensee's underlying conviction for driving with a suspended registration. R.R. at 34a, 39a. Such records show that Licensee's driving record required DOT to impose a three-month suspension pursuant to Section 1532(b)(4) of the Vehicle Code. We therefore hold that DOT met its burden of proof, and that the trial court erred in considering the circumstances surrounding the conviction.

DOT also challenges the trial court's assertion that justice requires that Licensee's appeal be sustained because Licensee was unaware that by accepting guilt and paying the fine, he would suffer a license suspension. DOT asserts that the law does not require notice of a collateral civil consequence, and that the trial court cannot use the guise of "judicial economy"[4] to permit an untimely appeal of Licensee's conviction and then *sua sponte* find in his favor.

Again, we agree with DOT. Because a license "suspension is a collateral civil consequence of [a licensee's] conviction, there is no requirement that he know of this consequence at the time of his guilty plea." *Commonwealth v. Duffey*, 639 A.2d 1174, 1176 (Pa. 1994). "When a licensee becomes aware that he is going to lose driving privileges as a consequence of paying a fine on a traffic citation, his only remedy is to seek allowance of appeal *nunc pro tunc* from the summary conviction." *Department of Transportation, Bureau of Driver Licensing v. Weniger*, 584 A.2d 394, 398 (Pa. Cmwlth. 1990).

---

[4] "Judicial economy" encourages joinder and consolidation of cases "to avoid the expensive and time-consuming duplication of evidence." *Commonwealth v. Lasch*, 347 A.2d 690, 694 (Pa. 1975).

While we sympathize with Licensee's situation under the factual circumstances of this case, we reiterate that there was no requirement that he be notified of the civil consequence at the time he decided to plead guilty and pay the fine for driving with a suspended registration. *Duffey*, 639 A.2d at 1176. Therefore, the fact that he was not aware that his license would ultimately be suspended as a result of his decision to simply plead guilty and pay the fine, while unfortunate, is no reason for this Court to overlook the trial court's erroneous decision to address the underlying conviction in this case and sustain Licensee's appeal. *See, e.g.*, *Radice v. Department of Transportation, Bureau of Traffic Safety*, 545 A.2d 1005, 1008 (Pa. Cmwlth. 1988) ("[The l]icensee would have us hold that a motorist may choose not to defend a criminal charge and later collaterally attack a resulting suspension of his driving privileges if the defense which he could have initially raised in the underlying criminal proceedings[] is meritorious. In light of the wealth of case law holding that a licensee may not raise a collateral attack on the underlying criminal conviction in a license suspension appeal, such an argument is frivolous.").

For all the above reasons, the trial court's order is reversed, and the three-month suspension of Licensee's operating privilege is reinstated.

_____
MICHAEL H. WOJCIK, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andrew Philipps               :
                                       :
         v.                : No. 147 C.D. 2019
                                         :
Commonwealth of Pennsylvania,    :
Department of Transportation,       :
Bureau of Driver Licensing,         :
                                         :
                Appellant    :

# **O R D E R**

AND NOW, this 25th day of March, 2021, the order of the Bucks County Court of Common Pleas dated January 16, 2019, is REVERSED, and the three-month suspension of Andrew Philipps' operating privilege, imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, is hereby REINSTATED.

_____
MICHAEL H. WOJCIK, Judge