IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamont P. Palmer, Sr.                    :
                                         :
                                         :
                                         :
                                         :
                                         :
             v.                          :  No. 1009 C.D. 2020
                                         :  Submitted:  October 10, 2023
Commonwealth of Pennsylvania,            :
Department of Transportation,            :
Bureau of Driver Licensing,              :
                                         :
                    Appellant            :


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                      FILED:  November 21, 2023


The Department of Transportation, Bureau of Driver Licensing (DOT) appeals the order of the Dauphin County Court of Common Pleas (trial court) sustaining the statutory appeal of Lamont P. Palmer, Sr. (Licensee) and rescinding the three-month suspension of his operating privilege imposed by DOT pursuant to Section 1532(b)(4) of the Vehicle Code,[1] based on his conviction for violating Section 1371 of the Vehicle Code.[2]  We affirm.

_____

[1] 75 Pa. C.S. §1532(b)(4).  Pursuant to Section 1532(b)(4), DOT "shall suspend the operating privilege of any driver for three months upon receiving a certified record of the driver's conviction of [S]ection 1371 (relating to operation following suspension of registration)[.]"

[2] 75 Pa. C.S. §1371.  Section 1371 of the Vehicle Code provides as follows:

> **(a) General rule.--**No person shall operate and no owner shall permit to be operated upon any highway a vehicle the registration of which has been suspended.

**(Footnote continued on next page…)**

On April 25, 2019, DOT mailed Licensee an Official Notice of Suspension of his operating privilege pursuant to Section 1532(b) of the Vehicle Code as a result of his April 17, 2019 conviction for violating Section 1371 of the Vehicle Code. On May 22, 2019, Licensee appealed DOT's suspension to the trial court.[3] On September 10, 2020, the trial court issued an order sustaining Licensee's appeal and rescinding DOT's suspension of his operating privilege. On October 6, 2020, DOT filed the instant timely appeal of the trial court's order.

On appeal,[4] DOT claims that the trial court erred in sustaining the appeal and rescinding the suspension because the trial court permitted Licensee to collaterally attack the conviction underlying the suspension of his operating privilege in his statutory appeal. However, as this Court has explained:

> An appellate court is limited to considering only those facts that have been duly certified in the record on appeal. *City of Pittsburgh Commission on Human Relations v. DeFelice*, 782 A.2d 586, 593 n.10 (Pa.

---

**(b) Penalty.--**Any person violating this section is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of not less than $100 nor more than $500. In the case of a motor carrier vehicle other than a trailer, the fine shall be double the registration fee for the maximum weight at which the vehicle could have been registered in this Commonwealth.

[3] In *Department of Transportation, Bureau of Driver Licensing v. Meckler*, 635 A.2d 718, 721 (Pa. Cmwlth. 1993), we explained that when a license suspension is based on a conviction, the only issues in such a statutory appeal are (1) whether the licensee was actually convicted, and (2) whether DOT acted in accordance with applicable law in imposing the license suspension. In order to meet its burden of proof, which we characterized as "an easy one to meet," DOT must offer certified proof of the conviction in the trial court. *Id.*

[4] Our review is limited to determining whether the trial court's findings were supported by substantial evidence, whether errors of law were committed, or whether the trial court's determination constituted an abuse of discretion. *Reinhart v. Department of Transportation, Bureau of Driver Licensing*, 954 A.2d 761, 765 n.3 (Pa. Cmwlth. 2008).

2

Cmwlth. 2001). For purposes of appellate review, that which is not part of the certified record does not exist. *Id.* Documents attached to a brief as an appendix or reproduced record may not be considered by an appellate court when they are not part of the certified record. *Stabler Development Company v. Board of Supervisors of Lower Mt. Bethel Township*, 695 A.2d 882, 887 n.5 (Pa. Cmwlth. 1997), *appeal denied*, [718 A.2d 787 (Pa. 1998)]. "[I]t is the responsibility of the appellant to supply this Court with a complete record for purposes of review. The failure by an appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue(s) sought to be examined." *Salameh v. Spossey*, 731 A.2d 649, 658 (Pa. Cmwlth.), *appeal denied*, [747 A.2d 903 (Pa. 1999)] (citation omitted).[17]

* * *

[17] *See also Smith v. Smith*, [637 A.2d 622, 623-24 (Pa. Super. 1993)], *appeal denied*, [652 A.2d 1325 (Pa. 1994)] ("[I]t is the responsibility of the [a]ppellant to supply this Court with a **complete** record for purposes of review . . . [and] a failure by an [a]ppellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes a waiver of the issue(s) sought to be examined.") (emphasis in original and citations omitted); *Boyle v. Steiman*, [631 A.2d 1025, 1030-31 (Pa. Super. 1993)], *appeal denied*, [649 A.2d 666 (Pa. 1994)] ("[I]t is the duty of the appellant to supply this Court with a record which is sufficient to permit a meaningful appellate review. A failure by the appellant to insure that the original record certified for appeal contains sufficient information to conduct a meaningful appellate review constitutes a waiver of the issue sought to be reviewed[.]") (citations omitted).

*B.K. v. Department of Public Welfare*, 36 A.3d 649, 657-58 (Pa. Cmwlth. 2012).

Our review of the Original Record and Supplemental Record that were lodged by the trial court in this Court demonstrates that they do not contain any transcripts of the hearings conducted before the trial court relating to Licensee's

3

appeal, or any of DOT's certified proof offered in support of the instant license suspension. In the absence of **any** record evidence supporting the suspension of Licensee's operating privilege in the first instance, DOT is deemed to have waived any allegation of trial court error, and we will affirm the trial court's order sustaining Licensee's statutory appeal and rescinding DOT's three-month suspension of his operating privilege pursuant to Section 1532(b) of the Vehicle Code.[5]

Accordingly, the trial court's order is affirmed.

---

[5] It is well settled that this Court may affirm the trial court's order on any basis appearing, or in this case not appearing, in the record. *See, e.g.*, *Washington v. Department of Transportation, Bureau of Driver Licensing*, 301 A.3d 982 , 985 (Pa. Cmwlth. 2023) ("This Court may affirm a trial court's order on any basis appearing in the record. *Feldman v. Lafayette Green Condo*[*minium*] *Ass*[*ociatio*]*n*, 806 A.2d 497, 502 n.3 (Pa. Cmwlth. 2002).").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamont P. Palmer, Sr.          :
                               :
                               :
                               :
                               :
        v.                     : No. 1009 C.D. 2020
                               :
Commonwealth of Pennsylvania,  :
Department of Transportation,  :
Bureau of Driver Licensing,    :
                               :
                Appellant      :


**PER CURIAM**


# **O R D E R**


AND NOW, this 21ˢᵗ day of November, 2023, the order of the Dauphin County Court of Common Pleas dated September 10, 2020, is AFFIRMED.